**Henry DALEHITE, Individually and as Independent Executor of Virginia Dalehite Estate, Ellen Dalehite Wedell, Anne Dalehite Slitter, Charles R. Dalehite, and Henry Dalehite, III, Appellants,**

**v.**

**Haring J. NAUTA, M.D., Appellee.**

**No. 14–00–00976–CV.**

Court of Appeals of Texas,
Houston (14th Dist.).

June 6, 2002.

Rehearing Overruled July 11, 2002.

---

Otto D. Hewitt, III, Alvin, for appellants.

Alton C. Todd, Friendswood, John R. Strawn, Jr., Houston, for appellees.

Panel consists of Chief Justice BRISTER and Justices FOWLER and SEYMORE.

## OPINION

SCOTT BRISTER, Chief Justice.

Appellants Henry Dalehite (individually and as independent executor of the Virginia Dalehite Estate), Ellen Dalehite Wedell, Anne Dalehite Slitter, Charles R. Dalehite, and Henry Dalehite, III ("the Dalehites"), appeal from a summary judgment granted against them in favor of appellee Haring J. Nauta, M.D. Because we find Dr. Nauta is entitled by statute to the protections of governmental immunity, we affirm.

### The UTMB Judgment

Virginia Dalehite died shortly after an operation by Dr. Nauta, a neurosurgeon, for treatment of a cerebral aneurysm. The Dalehites sued him and the University of Texas Medical Branch at Galveston (UTMB) for wrongful death. The trial court granted UTMB's plea to the jurisdiction based on governmental immunity and severed it from this case. No appeal appears to have been taken.

Thereafter, Dr. Nauta moved for summary judgment alleging that the judgment in favor of UTMB, a governmental unit, bars any action against him as its employee. *See* TEX. CIV. PRAC. & REM.CODE § 101.106. The Dalehites cite authority from this Court that an order granting a plea to the jurisdiction is not a judgment on the merits, and thus cannot form the basis of a governmental employee's immunity motion. *See Brown v. Prairie View A & M University*, 630 S.W.2d 405 (Tex. App.-Houston [14th Dist.] 1982, writ ref'd n.r.e.) (holding university employees were not entitled to immunity when university was dismissed for want of jurisdiction). But since *Brown*, the Texas Supreme Court has held just the opposite on several occasions. *See Dallas County Mental Health and Mental Retardation v. Bossley*, 968 S.W.2d 339, 343 (Tex.1998); *Newman v. Obersteller*, 960 S.W.2d 621, 622 (Tex.1997) (both cases construing § 101.106 to require dismissal of claims against governmental employees when claims against their governmental employer are dismissed on immunity grounds). We must follow the higher court.

### Doctor's Status as an Employee

But the Dalehites argue that Dr. Nauta was not a UTMB employee. The Act defines an employee as "a person, including an officer or agent, who is in the paid services of a governmental unit by competent authority, but does not include an independent contractor, an agent or employee of an independent contractor, or a person who performs tasks the details of which the governmental unit does not have

the legal right to control." TEX. CIV. PRAC. & REM.CODE ANN. § 101.001(1). The Dalehites argue section 101.106 is inapplicable, as UTMB does not have the legal right to control Dr. Nauta's surgeries.

◼ As an initial matter, the Dalehites complain that Dr. Nauta's supplemental evidence was untimely. His initial summary judgment evidence consisted only of his own answer to an interrogatory stating that he was an employee of UTMB when he operated on Virginia Dalehite. Generally, a party cannot rely on its own answer to an interrogatory as summary judgment evidence. *Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex.2000).

Dr. Nauta's motion for summary judgment was set for hearing on February 17, 2000. On February 14th, he moved to supplement the summary judgment record with excerpts from the deposition of a UTMB administrator regarding details of his employment. No order granting leave appears in the record, but the trial court's docket sheet reflects the summary judgment hearing was reset to March 30th, and not granted until May 5th. As a result, Dr. Nauta's evidence was timely filed. *See* TEX.R. CIV. P. 166a(d).

◼ It appears from a number of cases that most Texas courts assume that physicians employed by a government hospital are included within section 101.106. *See Reynosa v. University of Texas Health Science Center at San Antonio*, 57 S.W.3d 442, 444 (Tex.App.-San Antonio 2001, pet. denied); *Bossley*, 968 S.W.2d at 343–44; *Gonzalez v. El Paso Hosp. Dist.*, 940 S.W.2d 793, 794–95 (Tex.App.-El Paso 1997, no writ); *Cox v. Klug*, 855 S.W.2d 276, 280 (Tex.App.-Amarillo 1993, no writ); *compare Smith v. Altman*, 26 S.W.3d 705, 710 (Tex.App.-Waco 2000, pet. dism'd

w.o.j.) (holding doctor was not employee of government hospital when her contract stated she "shall not be deemed to be an employee of facility for any purpose whatsoever."). But the Dalehites argue that none of these courts analyzed the factors that distinguish employees from independent contractors, and urge us to do so here.

◼ A worker is an employee rather than an independent contractor if the employer has the right to control the progress, details, and methods of operations of the work, considering: (1) the independent nature of the worker's business; (2) the worker's obligation to furnish necessary tools, supplies, and materials to perform the job; (3) the worker's right to control the progress of the work except about final results; (4) the time for which the worker is employed; and (5) the method of payment, whether by unit of time or by the job. *See Limestone Products Distribution, Inc. v. McNamara*, 71 S.W.3d 308, 312 (Tex.2002).

The summary judgment record here shows that Dr. Nauta was chairman of the UTMB department of neurosurgery; worked full-time as a professor of neurosurgery, treating patients and instructing medical students at UTMB; signed an employment contract, was paid a salary, and provided with employee benefits and insurance; and received an office, support staff, and equipment necessary to do his work from UTMB. Appellants themselves alleged in their petition that Nauta was an employee of UTMB, so that UTMB was liable for his actions. We find the undisputed summary judgment evidence establishes that Nauta was an employee of UTMB.[1]

While UTMB did not control the details of the diagnosis or treatment performed

---

**1.** *Compare Xeller v. Locke*, 37 S.W.3d 95 (Tex. App.-Houston [14th Dist.] 2000, pet. denied)

(holding physician who acted as designated worker's compensation examiner, who was

by Dr. Nauta, the Dalehites' argument that this makes him an independent contractor proves too much. If their argument were correct, then no physician could ever be an employee, not even via ostensible agency. *But see Baptist Memorial Hospital System v. Sampson,* 969 S.W.2d 945, 949 (Tex.1998). Moreover, government workers exercising any kind of discretionary judgment (such as legislators, judges, and many others) could never be "employees," and thus never immune from suit. This would make the statute of little effect. *See* TEX. GOV'T CODE § 311.021(2) (stating entire statute must be presumed to be effective); *City of LaPorte v. Barfield,* 898 S.W.2d 288, 292 (Tex.1995) (holding statutes should not be construed to make them pointless).

Appellant's two points of error attacking the summary judgment are overruled, and the judgment is affirmed.

paid a fee for each examination rather than a salary, who used his own office and equipment, and maintained a medical practice separate from such services, was not an employee); *Thomas v. Harris County,* 30 S.W.3d 51 (Tex.App.-Houston [1st Dist.] 2000, no pet.) (holding physicians who treated inmates at county jail were not county employees as county merely contracted with their employer for medical services, and they were paid by the employer rather than county).