OPINION HEADING PER CUR 







                     NO. 12-03-00102-CV
 
IN THE COURT OF APPEALS

TWELFTH COURT OF APPEALS DISTRICT

TYLER, TEXAS

WILLIAM K. HATHAWAY, II, 
CHERYL KUDER AND CYNTHIA TUCKER, 
INDIVIDUALLY AND AS THE HEIRS          §     APPEAL FROM THE 78TH
AND SURVIVING CHILDREN OF
CAROLYN EILEEN HATHAWAY,
APPELLANTS

V.                                                                         §     JUDICIAL DISTRICT COURT OF


WICHITA FALLS STATE HOSPITAL
AND EDWARD LUKE, JR., D.O.,                    §     WICHITA COUNTY, TEXAS
APPELLEE




MEMORANDUM OPINION
            William K. Hathaway, II, Cheryl Kuder, and Cynthia Tucker, individually and as the heirs
and surviving children of Carolyn Eileen Hathaway, deceased (“the Hathaway Heirs”), appeal the
trial court’s order granting summary judgment in favor of Edward Luke, Jr., D.O. (“Dr. Luke”). In
two issues, the Hathaway Heirs contend (1) that the trial court erred in determining that Dr. Luke was
protected by governmental immunity, and (2) that he was an employee of North Texas State
Hospital, the Wichita Falls Campus (“the Hospital”). We affirm.
 
Background
            The Hathaway Heirs filed suit against the Hospital and Dr. Luke for negligently causing their
mother’s death. The Hospital filed a plea to the jurisdiction and motion to dismiss claiming
governmental immunity. The trial court dismissed the Hathaway Heirs’ claims against the Hospital
with prejudice and severed their negligence action against Dr. Luke.
            Subsequently, Dr. Luke moved for summary judgment, alleging that he was entitled to
derivative immunity as a Hospital employee.


 The trial court granted Dr. Luke’s motion for
summary judgment and this appeal followed.

Standard of Review
            In reviewing a traditional motion for summary judgment, we must apply the following
standards established in Nixon v. Mr. Prop. Mgmt. Co., 690 S.W.2d 546, 548–49 (Tex. 1985): 
 
            1.          The movant for summary judgment has the burden of showing that there is no genuine issue of
material fact and that it is entitled to judgment as a matter of law;
              2.           In deciding whether there is a disputed material fact issue precluding summary judgment, evidence
favorable to the nonmovant will be taken as true;
              3.           Every reasonable inference must be indulged in favor of the nonmovant and any doubts resolved in
its favor.
 
See id. at 548–49. For a party to prevail on a motion for summary judgment, he must conclusively
establish the absence of any genuine issue of material fact and that he is entitled to judgment as a
matter of law. Tex. R. Civ. P. 166a(c). A movant must either negate at least one essential element
of the nonmovant's cause of action, or prove all essential elements of an affirmative defense. See
Randall's Food Markets, Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); see also MMP, Ltd.
v. Jones, 710 S.W.2d 59, 60 (Tex. 1986). Since the burden of proof is on the movant, and all doubts
about the existence of a genuine issue of a material fact are resolved against the movant, we must
view the evidence and its reasonable inferences in the light most favorable to the nonmovant. See
Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41, 47 (Tex.1965). 
We are not required to ascertain the credibility of affiants or to determine the weight of evidence in
the affidavits, depositions, exhibits, and other summary judgment proof. See Gulbenkian v. Penn,
252 S.W.2d 929, 932 (Tex. 1952). The only question is whether or not an issue of material fact is
presented. See Tex. R. Civ. P. 166a(c).
            Once the movant has established a right to summary judgment, the nonmovant has the burden
to respond to the motion for summary judgment and present to the trial court any issues that would
preclude summary judgment. See, e.g., City of Houston v. Clear Creek Basin Authority, 589
S.W.2d 671, 678–79 (Tex.1979). All theories in support of or in opposition to a motion for
summary judgment must be presented in writing to the trial court. See Tex. R. Civ. P. 166a(c).

Governmental Immunity
            In their first issue, the Hathaway Heirs contend that Dr. Luke was not entitled to summary
judgment because the Hospital’s plea to the jurisdiction and motion to dismiss had not been decided
on the merits. Dr. Luke responds that the order dismissing the Hathaway Heirs’ cause of action
against the Hospital allowed his claim to also be dismissed with prejudice.
            The Texas Tort Claims Act, which ordinarily governs such issues, states, in pertinent part,
as follows:
 
A judgment in an action or a settlement of a claim under this chapter bars any action involving the
same subject matter by the claimant against the employee of the governmental unit whose act or
omission gave rise to them.
 
Tex. Civ. Prac. & Rem. Code § 101.106. In other words, when a claim against a government entity
is dismissed based on governmental immunity, section 101.106 requires dismissal of claims
involving the same transaction or occurrence that are brought against employees of that government
entity. See Dallas Co. Mental Health & Mental Retardation v. Bossley, 968 S.W.2d 339, 343–44
(Tex. 1998). A trial court’s order granting a government entity’s plea to the jurisdiction on immunity
grounds is a “judgment” for purposes of section 101.106. See Liu v. City of San Antonio, 88
S.W.3d 737, 744 (Tex. App.–San Antonio 2002, pet. denied). 
            The Hathaway Heirs cite Sykes v. Harris Co., 89 S.W.3d 661 (Tex. App.–Houston [1st Dist.]
2002), arguing that an order granting a plea to the jurisdiction on behalf of a government entity does
not extend immunity to that governmental entity’s employees. However, the Texas Supreme Court
recently reversed the court of appeals decision in Sykes, holding that a grant of a plea to the
jurisdiction based on a claim of government immunity “constitutes a final determination on the
merits of the matter actually decided.” Harris County v. Sykes, No. 02-1014, 2004 WL 1194127,
at *4 (Tex. May 28, 2004). The court further held that since the trial court had properly dismissed
Sykes’s claims against the government entity, the employee of that entity was entitled to derivative
immunity under section 101.106. Id. Accordingly, we hold that section 101.106 of the Texas Tort
Claims Act applies in the case before us and that summary judgment in favor of Dr. Luke was
properly granted. The Hathaway Heirs’ issue one is overruled.

Doctor’s Status as an Employee
            In their second issue, the Hathaway Heirs contend that Dr. Luke had not established that he
was an employee of the Hospital. Dr. Luke attached an affidavit to his motion for summary
judgment stating that he was an employee of the hospital. A properly pleaded affirmative defense,
which is supported by uncontroverted summary judgment evidence, may serve as the basis for a
summary judgment. See Roark v. Stallworth Oil and Gas, Inc., 813 S.W.2d 492, 494 (Tex. 1991). 
The Hathaway Heirs failed to raise a fact issue as to whether Dr. Luke was an employee of the
Hospital because they did not file an affidavit contesting that designation. See Baubles and Beads
v. Luis Vuitton, S.A., 766 S.W.2d 377, 380 (Tex. App.–Texarkana 1989, no pet.). We hold that the
trial court properly granted summary judgment because the undisputed evidence established that Dr.
Luke was an employee of the Hospital. See Dalehite v. Nauta, 79 S.W.3d 243, 245 (Tex.
App.–Houston [14th Dist.] 2002, pet. denied). The Hathaway Heirs’ issue number two is overruled. 

Conclusion
            Having overruled the Hathaway Heirs’ issues one and two, we affirm the trial court’s
judgment. 

                                                                                                     JAMES T. WORTHEN 
                                                                                                                 Chief Justice


Opinion delivered June 23, 2004.
Panel consisted of Worthen, C.J., Griffith, J. and DeVasto, J.







(PUBLISH)















 
COURT OF APPEALS
TWELFTH COURT OF APPEALS DISTRICT OF TEXAS
JUDGMENT
 
JUNE 23, 2004
 
NO. 12-03-00102-CV
 
WILLIAM K. HATHAWAY, II, CHERYL KUDER 
AND CYNTHIA TUCKER, INDIVIDUALLY AND AS 
THE HEIRS AND SURVIVING CHILDREN OF
CAROLYN EILEEN HATHAWAY,
Appellants
V.
WICHITA FALLS STATE HOSPITAL
AND EDWARD LUKE, JR., D.O.,
Appellee





 Appeal from the 78th Judicial Court
 of Wichita County, Texas. (Tr.Ct.No. 152,565-B)
 

 

 
 
                                    THIS CAUSE came to be heard on the appellate record and briefs filed herein,
and the same being inspected, it is the opinion of this Court that there was no error in the judgment.
                                    It is therefore ORDERED, ADJUDGED and DECREED that the judgment
of the court below Be In All Things Affirmed and that all costs of this appeal are hereby
adjudged against the appellants, William K. Hathaway, II, Cheryl Kuder and Cynthia
Tucker, Individually and as the Heirs and Surviving Children of Carolyn Eileen
Hathaway for which execution may issue, and that this decision be certified to the court below for
observance.
                                    James T. Worthen, Chief Justice.
                                    Panel consisted of Worthen, C.J., Griffith, J., and DeVasto, J.

THE STATE OF TEXAS
M A N D A T E
TO THE 78TH JUDICIAL DISTRICT COURT OF WICHITA COUNTY, GREETINGS:
 
            Before our Court of Appeals for the 12th Court of Appeals District of Texas, on the 23rd
day of June, 2004, the cause upon appeal to revise or reverse your judgment between
 
WILLIAM K. HATHAWAY, II, CHERYL KUDER 
AND CYNTHIA TUCKER, INDIVIDUALLY AND AS 
THE HEIRS AND SURVIVING CHILDREN OF
CAROLYN EILEEN HATHAWAY, Appellants
 
NO. 12-03-00102-CV and Tr. Ct. Case Number 152,565-B
 
Opinion by Chief Justice James T. Worthen.
 
WICHITA FALLS STATE HOSPITAL AND
EDWARD LUKE, JR., D.O., Appellees

was determined; and therein our said Court made its order in these words:
            THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same
being inspected, it is the opinion of this Court that there was no error in the judgment.

            It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below
Be In All Things Affirmed and that all costs of this appeal are hereby adjudged against the
appellants, William K. Hathaway, II, Cheryl Kuder and Cynthia Tucker, Individually
and as the Heirs and Surviving Children of Carolyn Eileen Hathaway for which
execution may issue, and that this decision be certified to the court below for observance.

            WHEREAS, YOU ARE HEREBY COMMANDED to observe the foregoing order of said
Court of Appeals for the Twelfth Court of Appeals District of Texas in this behalf, and in all things
have it duly recognized, obeyed, and executed.

            WITNESS, THE HONORABLE JAMES T. WORTHEN, Chief Justice of said Court of
Appeals for the Twelfth Court of Appeals District, with the Seal thereof affixed, at the City of Tyler,
this the ______ day of __________________, 200_.
 



                                    CATHY S. LUSK, CLERK
 
 
                                    By:_______________________________
                                         Deputy Clerk