**Reversed and Remanded Opinion and Concurring Opinion filed December 13, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-11-00039-CV

---

**MELANIE DORSETT, AS EXECUTRIX OF MELANIE FOSTER'S ESTATE, Appellant**

**V.**

**HISPANIC HOUSING AND EDUCATION CORPORATION, Appellee**

---

**On Appeal from the 189th District Court**
**Harris County, Texas**
**Trial Court Cause No. 2008-31769**

---

## O P I N I O N

In this suit to recover on a promissory note, plaintiff Melanie Dorsett contends that the trial court erred in granting a no-evidence summary judgment in favor of the defendant, Hispanic Housing and Education Corporation. Because we conclude that Dorsett produced sufficient evidence to raise a genuine issue of material fact on the challenged elements of her claim, we reverse and remand.

# I. FACTUAL AND PROCEDURAL BACKGROUND

In 2002, Melanie Foster loaned $79,000 to Hispanic Housing and Education Corporation ("HHEC"). HHEC's president and secretary executed a promissory note setting forth the terms of the five-year loan. HHEC defaulted in payment of the loan. After Foster's death, her daughter Melanie Dorsett, the executor of Foster's estate, sued HHEC to recover on the note. HHEC filed a no-evidence motion for summary judgment on August 28, 2009. The motion was set for hearing for September 18, 2009. Dorsett filed a response to the motion on September 17, 2009. In what was obviously a clerical error, the certificate of service signed by Dorsett's attorney stated that the summary-judgment response was served by facsimile to HHEC's on August 21, 2009, a week before the summary-judgment motion was even filed.

The parties agreed to pass that hearing, and approximately a year later, the motion was rescheduled for hearing by submission to take place on August 23, 2010. HHEC did not file a new motion and Dorsett did not file a new response.

The trial court granted the motion on September 28, 2010. Dorsett filed a motion for reconsideration or for a new trial, and HHEC responded opposing the motion. In its response to the new-trial motion, HHEC stated that Dorsett had never served it with a copy of her summary-judgment response, and that HHEC first learned on August 20, 2010 that such a response had been filed; however, HHEC did not ask the trial court to strike Dorsett's summary-judgment response or the evidence on which she relied, and the trial court allowed her motion for reconsideration or for a new trial to be overruled by operation of law.

In a single issue, Dorsett contends that the trial court erred in granting HHEC's motion for summary judgment.

## II. ANALYSIS

Because HHEC stated in its response brief that Dorsett has the burden on appeal to show that the trial court abused its discretion in excluding her summary-judgment

response and evidence, we begin by clarifying the issue presented and the applicable standard of review.

Although evidentiary rulings generally are reviewed for abuse of discretion, the record does not show that the trial court ever made any evidentiary rulings in this case. The trial court was not asked to, and did not, strike Dorsett's summary-judgment response or exclude her evidence. HHEC assumes that the trial court did not consider Dorsett's response and evidence because, according to HHEC, her response was not timely filed, and because she failed to serve HHEC with a copy of her response. The record does not reflect that the response was untimely when the trial court granted summary judgment or that HHEC timely raised the issue of Dorsett's alleged failure to serve her response.

When a summary-judgment hearing is rescheduled to a later time, a response filed less than seven days before the original setting can be rendered timely. *See Dalehite v. Nauta*, 79 S.W.3d 243, 245 (Tex. App.—Houston [14th Dist.] 2002, pet. denied). This is because the time for a response is calculated by counting back from the date of the hearing, not the date on which a hearing was passed. *See* TEX. R. CIV. P. 166a(c) ("Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response."); *Dalehite*, 79 S.W.3d at 245. Thus, if the respondent cannot file a response at least seven days before the time scheduled for the hearing, she can take steps to reschedule the hearing to a later date. *See Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 927 (Tex. 2009) ("[T]he rules relating to summary judgment afford the defaulting party an opportunity to obtain additional time to file a response . . . by requesting a continuance of the summary judgment hearing."). Here, it was unnecessary to move for a continuance from the trial court because the parties agreed to reschedule the hearing. *See Jones v. Smith*, No. 09-08-00440-CV, 2009 WL 2973056, at *2 (Tex. App.—Beaumont May 22, 2009, no pet.) (mem. op.) (summary-judgment hearings may be set by agreement of counsel); *Fraud-Tech, Inc. v. Choicepoint, Inc.*, 102 S.W.3d 366, 377 (Tex. App.—Fort Worth, pet.

3

denied) (leave of court to file an untimely response was not required where the parties' Rule 11 agreement altered the summary-judgment deadlines).  Because the summary-judgment motion was not actually heard until August 23, 2010, Dorsett's response filed on September 17, 2009 was timely.  *See Allen v. Roddis Lumber & Veneer Co.*, 796 S.W.2d 758, 761 (Tex. App.—Corpus Christi 1990, writ denied) (holding that although the summary- judgment hearing originally was set for July 31 and the summary-judgment response was not filed until August 31, the response was timely because the hearing was rescheduled to September 7, so that the response was on file for seven days before the hearing as required by Rule 166a).

Although HHEC contends that Dorsett did not serve its counsel with a copy of her summary-judgment response, this does not automatically result in the exclusion of the response.  Texas Rule of Civil Procedure 21b sets out the consequence for failure to serve opposing counsel as required: the trial court may in its discretion impose sanctions, but no sanctions were requested or imposed here.  Here, HHEC admits that on August 20, 2010, its counsel learned that Dorsett had filed a summary-judgment response.  The trial court did not rule on the summary-judgment motion for nearly six weeks after that time, during which HHEC did not move to strike Dorsett's summary-judgment response or exclude her evidence.  Five weeks after the trial court rendered judgment, HECC complained for the first time that Dorsett did not serve her summary-judgment response, and even then, HHEC did not ask the trial court to strike her summary-judgment evidence, nor did the court do so.  To the contrary, the trial court stated in its summary-judgment order that it considered both the summary-judgment motion and "any response thereto."  *See Martin v. Martin, Martin & Richards, Inc.*, 989 S.W.2d 357, 358–59 (Tex. 1998) (per curiam) (giving effect, in an appeal of a summary judgment, to the recitation in the trial court's order that it considered the non-movant's summary-judgment response).  *See also Strother v. City of Rockwall*, 358 S.W.3d 462, 468–69 (Tex. App.—Dallas 2012, no pet.) (with the exception of objections to the substance of the evidence, objections to summary-judgment evidence are waived by the failure to obtain a ruling);

4

*Plotkin v. Joekel*, 304 S.W.3d 455, 486 (Tex. App.—Houston [1st Dist.] 2009, pet. denied) ("As with any ruling, a summary-judgment order's review generally extends to the evidence that was before the court when it ruled, absent an indication that the court did not consider certain evidence for purposes of that ruling."). We therefore will review the merits of the summary judgment.

## A.    Standard of Review

We review the trial court's grant of a summary judgment de novo. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009) (per curiam) (citing *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.2d 184, 192 (Tex. 2007)). We consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder could not. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). We must affirm the summary judgment if any of the movant's theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003).

In a no-evidence motion for summary judgment, the movant represents that there is no evidence of one or more essential elements of the claims for which the nonmovant bears the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material fact as to the elements specified in the motion. *Mack Trucks*, 206 S.W.3d at 582. We sustain a no-evidence summary judgment when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005). The evidence is insufficient if "it is 'so weak as to do no more than create a mere surmise or suspicion'" that the challenged fact exists.

5

*Akin, Gump, Strauss, Hauer & Feld, L.L.P. v. Nat'l Dev. & Research Corp.*, 299 S.W.3d 106, 115 (Tex. 2009) (quoting *Kroger Tex. L.P. v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006)).

## B.      Basis of the Motion

In its motion for summary judgment, HHEC asserted that there was no evidence of certain elements of a breach-of-contract claim, and no evidence to support various allegations raised in Dorsett's pleadings, but not all of these allegations were essential elements of Dorsett's suit on the promissory note. To prevail in a suit on a promissory note, a plaintiff need not prove all of the elements of breach of contract. "To recover on a promissory note, the plaintiff must prove: (1) the note in question; (2) the party sued signed the note; (3) the plaintiff is the owner or holder of the note, and (4) a certain balance is due and owing on the note." *Geiselman v. Cramer Fin. Group, Inc.*, 965 S.W.2d 532, 536 (Tex. App.—Houston [14th Dist.] 1997, no writ). HHEC stated in its motion that Dorsett had no evidence that HHEC (1) had a duty to pay the Promissory Note, (2) had a duty to pay late fees and accrued interest under the Note, (3) defaulted in paying the Note, (4) breached the contract, (5) failed to pay, or (6) caused the Estate damages. Dorsett did not specially except to the motion as ambiguous, so we presume that she was able to understand which elements of her claim were challenged.

As we understand it, HHEC's assertion that there was no evidence that it had a duty to pay the Note was, in effect, an assertion that there was no evidence that it had signed the note. Similarly, by representing that there was no evidence that it failed to pay, HHEC was asserting that there was no evidence that a balance was due. HHEC did not challenge the existence or ownership of the note, and did not contend that that a particular amount of the unspecified outstanding balance lacked support.

In response, Dorsett relied on her own affidavit and a document prepared on HHEC's letterhead and titled, "Promissory Note." Dorsett authenticated the note, and HHEC neither disputed that the signatures identified as those of HHEC's president and secretary were in fact the signatures of those individuals, nor denied that they were

6

authorized to bind HHEC; thus, Dorsett's summary-judgment evidence was sufficient to defeat HHEC's argument that it had no duty to pay the Note. *See* TEX. R. CIV. P. 93 (party is required to raise by verified pleading the "[d]enial of the execution by himself or by his authority of any instrument in writing, upon which any pleading is founded, in whole or in part and charged to have been executed by him or by his authority, and not alleged to be lost or destroyed"); *Sandhu v. Pinglia Invs. of Tex., L.L.C.*, No. 14-08-00184-CV, 2009 WL 1795032*4 (Tex. App.—Houston [14th Dist.] June 25, 2009, pet. denied) (mem. op.) ("When the defendant does not deny the genuineness of his signature on the note, he is established as the maker.").

This leaves only HHEC's assertion that there was no evidence that it failed to pay, but this basis for summary judgment was rebutted by Dorsett's affidavit. There, she attested that HHEC "made periodic payments for a period of time on the note. However, [HHEC] missed numerous payments, was late with payment many times and in June 2007, ceased paying on the note altogether. The effect of the late payments and non-payments was to extend the duration of the note significantly."[1] This evidence is sufficient to raise a question of fact as to the existence of an outstanding balance under the Note. *See Blankenship v. Robins*, 899 S.W.2d 236, 238 (Tex. App.—Houston [14th Dist.] 1994, no writ) (holding that a statement that party did not make the payments on the note is not conclusory, but instead is competent summary-judgment evidence that there is an outstanding balance). We therefore conclude that the trial court erred in granting the summary-judgment motion, and we sustain the sole issue presented for our review.

### III. CONCLUSION

Because Dorsett's summary-judgment response presented evidence sufficient to raise a question of fact as to each element of her cause of action challenged in HHEC's no-evidence motion for summary judgment, we reverse the trial court's judgment and

---

[1] The original five-year loan period began in May 2002; thus, if payments had been made as agreed, the last payment on the note would have been made a year before suit was filed.

remand the case for further proceedings consistent with this opinion.

/s/ Tracy Christopher
Justice

Panel consists of Justices Frost, Christopher, and Jamison (Frost, J. concurring).