**DISSENT; and Opinion Filed November 26, 2013.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

————————————————————

## No. 05-11-00228-CV

————————————————————

**JOSE FUENTES CO., INC. d/b/a GLORIA'S, GLORIA RUBIO, JOSE FUENTES,
G. RUBIO ENTERPRISES, INC., J. F. GREENVILLE COMPANY, INC.,
J. FUENTES COLLEYVILLE, L.P., JOSE FUENTES COLLEYVILLE, INC.,
CARLOS FUENTES, INC., GLORIA'S FORT WORTH RESTAURANT, L.P.,
GLORIA FUENTES, INC., J. FUENTES ROCKWALL, L.P.,
JOSE FUENTES ADDISON, INC., GLORIA'S FIREWHEEL RESTAURANT, INC.,
J. FUENTES ARLINGTON, L.P., GLORIA'S DOMAIN, INC.,
AND NANCY FUENTES FAIRVIEW, INC. , Appellants**

**V.**

**MARIO ALFARO, MARIO SABINO'S, INC., AND SABINO VALLE, Appellees**

═══════════════════════════════════════════════════════════════

**On Appeal from the 162nd Judicial District Court
Dallas County, Texas
Trial Court Cause No. DC-09-13240**

═══════════════════════════════════════════════════════════════

## DISSENTING OPINION

Before the Court En Banc
Dissenting Opinion By Justice O'Neill

Because I would conclude Mario Sabino's no-evidence motion for summary judgment gave fair notice of the elements being challenged, and that Gloria's waived any complaint seeking further specificity, I respectfully dissent.

Gloria's sued Mario Sabino's for misappropriation of trade secrets, tortious interference with contractual relations, and conversion arising out of Mario Sabino's operation of a restaurant in competition with Gloria's. Gloria's also sought a permanent injunction based upon Mario Sabino's alleged misappropriation of trade secrets.

Mario Sabino's filed a no-evidence motion for summary judgment on Gloria's claims. In its motion, Mario Sabino's followed the same formula challenging each of appellant's three claims (tortious interference, misappropriation of trade secrets, and conversion). In each challenge, Mario Sabino's stated: "There is no competent summary judgment evidence of one or more of the following elements of [name of tort] on which Plaintiffs have the burden of proof at trial." In each challenge, Mario Sabino's then listed all elements of the particular claim being challenged. Finally, Mario Sabino's concluded each challenge contending that it was entitled to summary judgment because Gloria's had no evidence of "one or more" elements of the specified cause of action.

Gloria's did not specially except to the motion. Instead, Gloria's, interpreting the motion as challenging each of the enumerated elements of each cause of action, responded to the motion in full, purporting to raise a fact issue on each enumerated element. Gloria's did, however, complain in its conclusion that the motion was "vague" and failed to mention the "exact elements" it was challenging. The trial court granted Mario Sabino's motion in its entirety.

According to Gloria's, the trial court erred in granting the no-evidence motion for summary judgment because the motion failed to identify any element that lacked evidentiary

support.  The majority agrees concluding the motion did nothing "to inform" Gloria's about which elements of each claim were being challenged.  The majority thus concludes the motion was legally insufficient as a matter of law and can, therefore, be challenged for the first time on appeal.

I agree with the majority that a no-evidence motion for summary judgment must "state the elements" upon which the movant believes there is no evidence.  Tex. R. Civ. P. 166a(i).  I also agree the motion must be specific in challenging the evidentiary support for an element of a claim or defense.  *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009) (citing comment to rule 166a(i)).  However, I would conclude that in determining whether a no-evidence motion for summary judgment satisfied the rule's requirements, we determine whether the motion gave the nonmovant fair notice of the element being challenged.  I would further conclude the motion in this case did so.

In *Timpte Industries,* the plaintiff nonmovant complained that the defendant's no-evidence motion for summary judgment was insufficient to meet rule 166a(i)'s specificity requirements with respect to an element of his products liability cause of action.  The Texas Supreme Court explained that the underlying purpose of the specificity requirement is "to provide the opposing party with adequate information for opposing the motion, and to define the issues for the purpose of summary judgment."  *Id.* at 311 (citing *Westchester Fire Ins. Co. v. Alvarez,* 576 S.W.2d 771, 772 (Tex. 1978) (traditional summary judgment case)); *see also Henning v. OneWest Bank, Inc.*, 405 S.W.3d 950, 963 (Tex. App.—Dallas 2013, no pet.).  The supreme court specifically

analogized this purpose to that of "fair notice" pleading requirements. *Timpte*, 286 S.W.3d at 311; *Henning*, 405 S.W.3d at 963. The court then, in construing the no-evidence motion, determined whether the motion provided "fair notice" as to what element or elements were being challenged. *Timpte*, 286 S.W.3d at 311. In doing so, the supreme court expressly considered whether the record as a whole revealed any confusion as to the elements challenged and specifically considered the nonmovant's response to the no-evidence motion. *Id.*; *see also Henning,* 405 S.W.3d at 962 ("fair notice" where, among other things, the record revealed no confusion as to the movant's assertions of no evidence).

I would conclude the motion in this case as a whole, read in context and in conjunction with Gloria's reply, gave Gloria's fair notice that the motion was challenging each and every element that was listed in the motion. I would further conclude that Gloria's claim that it chose to address all the elements of each of its causes of action because it was afraid to "guess" as to "which" elements were being challenged is disingenuous. The motion can reasonably be read in only one of two ways — as challenging all of the listed elements — or as challenging no specific element.[1] While "one or more" elements does not necessarily include all elements, it certainly can. It is apparent from Gloria's response to the motion that it construed the motion as challenging all of the enumerated elements.

I would further conclude that while the motion for summary judgment may have suffered from an ambiguity, Gloria's was required to object in the trial court and preserve this complaint for

---

[1] Stated otherwise, it would not have been reasonable for Gloria's to interpret the motion as requiring it to pick one element of a cause of action and respond to only that element. The motion either required Gloria's to do nothing, to object to the motion, or to respond to each element.

review.[2] *See Crocker v. Paulyne's Nursing Home, Inc.,* 95 S.W.3d 416, 420 (Tex. App.—Dallas 2002, no pet.) (if an element challenged in a no-evidence motion for summary judgment is unclear or ambiguous, the nonmovant must object) (*citing McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 342-43 (Tex. 1993)); *see also Dishner v. Huitt-Zollars, Inc.*, 162 S.W.3d 370, 376 (Tex. App.—Dallas 2005, no pet.); *Dorsett v. Hispanic Hous. & Educ. Corp.,* 389 S.W.3d 609, 612 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (presuming nonmovant understood which elements of claim were being challenged when nonmovant did not specially except).

I would further conclude the majority places too much weight on the possibility that the motion in this case might somehow immunize the movant from the requirement that a no-evidence motion be based on goodfaith. There is no suggestion Mario Sabino's did not have a proper basis to challenge each and every element of Gloria's claims, and the summary judgment record suggests otherwise. And there is nothing inherently improper about "forcing" a plaintiff to come forward with more than a scintilla of evidence to raise a fact issue on each element of the claims for which it has filed suit. *See Nelson v. Regions Mort., Inc.,* 170 S.W.3d 858, 861 (Tex. App.—Dallas 2005, no pet.) (a no-evidence summary judgment motion may challenge any or all of the elements of the plaintiff's claims). Further, if Gloria's wanted more specific allegations upon which to base a motion for sanctions, or if it believed responding to the motion with some

---

[2] To the extent the statement in Gloria's conclusion to its summary judgment response can be interpreted as an objection, Gloria's nevertheless waived error by failing to obtain a ruling on the objection. *See Franco v. Slavonic Mut. Fire Ins. Ass'n,* 154 S.W.3d 777, 784 (Tex. App.—Houston [14th Dist.] 2004, no pet.) (traditional summary judgment); *see also McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.3d 337, 344 n.6 (when nonmovant files proper exception to traditional motion for summary judgment, and such exception is overruled, the nonmovant may have a valid complaint on appeal).

evidence of each element of its causes of action was unduly burdensome, it could have objected to the motion in the trial court.

Finally, the majority's conclusion leads to what I perceive to be a more problematic result. Specifically, the majority's conclusion effectively allows a summary judgment nonmovant to lay behind the log — attempt to raise a fact issue on the *precise* elements they later claim were not raised — and if they fail to do so in the trial court – then obtain a wholesale and summary reversal on appeal. This result is particularly problematic where, as here, Mario Sabino's could have easily cured the error in the trial court had Gloria's properly objected and obtained a ruling.

I would conclude Mario Sabino's no-evidence motion for summary judgment was legally sufficient because it gave Gloria's fair notice that Mario Sabino's was challenging each of the elements listed in the motion. Further, to the extent the motion was vague or ambiguous, I would conclude Gloria's waived error by failing to object. Therefore, I respectfully dissent.


  /Michael J. O'Neill/
MICHAEL J. O'NEILL
JUSTICE


Joined by Justices Lang and Lang-Miers.

110228DF.P05