**Reversed and Remanded and Memorandum Opinion filed August 26, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-01017-CV

_____

## GIAO Q. NGUYEN AND HIEU T. NGUYEN, Appellants

## V.

## SEPHORA USA, Appellee

**On Appeal from the County Civil Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1021997**

## M E M O R A N D U M   O P I N I O N

Two shoppers sued a store for negligence after an unknown person collided with them and caused them to fall. The store moved for traditional summary judgment on the ground that it does not owe a duty to protect invitees from the criminal acts of third parties, and for no-evidence summary judgment on the grounds that there is no evidence that it owed or breached a duty to the plaintiffs. Because summary judgment cannot be sustained on any of these grounds, we

reverse the judgment and remand the case for further proceedings.

## I. BACKGROUND

Giao Q. Nguyen and her mother Hieu T. Nguyen were shopping at a Sephora cosmetics store when a suspected shoplifter who had been apprehended outside the store was escorted back into it. The suspect was walking behind a store security guard and in front of a mall security guard when he pushed the mall security guard to the floor and fled. Both security personnel pursued him. At some point during this escape, someone collided with the Nguyens. The Nguyens fell and allegedly were injured.[1]

The Nguyens sued the store for negligence, and Sephora filed a combined motion for traditional and no-evidence summary judgment. The trial court granted Sephora's motion without stating the grounds.[2]

## II. ANALYSIS

In reviewing this case, we have not made the same assumptions that the parties most often have made. They frequently assume that (a) a shoplifting suspect collided with the Nguyens, (b) doing so was a crime, and (c) the resolution of this appeal turns on whether that crime was foreseeable. We cannot make the same assumptions. First, the Nguyens admit in their brief that the person who collided with them could have been the shoplifting suspect, the mall security guard, or Sephora's security guard. This admission is supported by the evidence in

---

[1] The two guards recaptured the suspect in the parking lot and led him back to the store in handcuffs.

[2] The Nguyens also filed a cross-motion for partial traditional summary judgment in which they asked the trial court to find, as a matter of law, that Sephora owed them a duty and breached that duty. They argue on appeal that the trial court erred in denying their motion; however, the record does not show that the trial court ruled on it, and in any event, the denial of the motion for partial summary judgment would not be appealable.

the summary-judgment record. Although the complete deposition testimony of Sephora's security guard Durell Gordon and plaintiff Giao Nguyen are in the record, neither of them saw what happened. There are only excerpts from Hieu T. Nguyen's deposition in the record, and she testified that "they were running and push[ed] me," but neither the identities nor the number of people who did so is stated in the excerpts. Second, even if the identity of the person who ran into the Nguyens were known, no one has specified what criminal offense was committed against them. In their pleadings, the Nguyens merely alleged that a person "bumped the Plaintiffs hard enough to knock them over." And third, the Nguyens pleaded only a negligent-activity cause of action, not a premises-liability claim. In particular, they did not allege that they were the victims of a crime. We accordingly analyze the case just as we would any other such negligence case, rather than under the line of cases addressing a business owner's premises liability for crimes against its invitees. *See generally McClure v. Allied Stores of Tex., Inc.*, 608 S.W.2d 901 (Tex. 1980) (applying general negligence principles when reviewing store's liability for a shopper's injuries sustained when a shoplifter who was being chased by security guards knocked her down).

A.    **Summary judgment cannot be affirmed on the grounds that there is no evidence that Sephora owed or breached a duty to the Nguyens.**

When a party challenges a summary judgment that may have been granted on no-evidence or traditional grounds, we first consider whether the judgment can be affirmed on no-evidence grounds. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004). In a no-evidence motion for summary judgment, the movant represents that there is no evidence of one or more essential elements of the claims for which the nonmovant bears the burden of proof at trial. TEX. R. CIV. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). The burden then shifts to the nonmovant to present evidence raising a genuine issue of material

3

fact as to the elements specified in the motion. *Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 582 (Tex. 2006). We review the trial court's grant of summary judgment de novo. *Ferguson v. Bldg. Materials Corp. of Am.*, 295 S.W.3d 642, 644 (Tex. 2009) (per curiam) (citing *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007)). We sustain a no-evidence summary judgment when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *City of Keller v. Wilson*, 168 S.W.3d 802, 816 (Tex. 2005).

Sephora moved for no-evidence summary judgment on the grounds that there was no evidence that it owed or breached a duty. The most basic common-law duty is "the general duty to exercise reasonable care to avoid foreseeable injury to others." *El Chico Corp. v. Poole*, 732 S.W.2d 306, 311 (Tex. 1987), *superseded by statute on other grounds*, *F.F.P. Operating Partners, L.P. v. Duenez*, 237 S.W.3d 680, 684–85 (Tex. 2007).[3]

The summary-judgment record contains evidence that Sephora both owed and breached this general duty. In their summary-judgment response, the Nguyens cited and produced the deposition transcript of Sephora security guard Durell Gordon, who testified that running in the store was against Sephora's company

---

[3] In their brief, the Nguyens focused their arguments on foreseeability without expressly linking foreseeability to duty; however, the inference was not lost on Sephora, and it responded as though the Nguyens had made the connection between foreseeability and duty as explicitly in the appellate court as they did in the trial court. *See generally Dorsett v. Hispanic Housing & Educ. Corp.*, 389 S.W.3d 609, 613 (Tex. App.—Houston [14th Dist.] 2012, no pet.) (explaining, in the context of a no-evidence motion for summary judgment, that the opposing party's response indicated that it understood which element of the claim was at issue).

policy because the store is small, with closely spaced aisles, and running in the store "creates a hazardous environment" for shoppers. This is more than a scintilla of evidence that Sephora employees had a duty to avoid running in the store. As for evidence of a breach of that duty, Sephora itself quoted and attached Giao's testimony that after she was knocked down, she looked up and saw "two people running really fast out" and that "they pushed me out of their way so they could run." Hieu's testimony that "they were running and push[ed] me" suggests that these people were running before knocking the Nguyens down. The Nguyens also cited Giao's testimony that another Sephora staff member told her that one of the two people she saw running was a Sephora employee. Sephora did not object to this evidence, which is sufficient to raise a genuine issue of material fact as to whether a Sephora employee breached the duty to refrain from running in the store.[4]

Because there is legally sufficient evidence that Sephora employees owed its customers a duty not to run in the store and that an employee breached that duty, the summary judgment cannot be affirmed on no-evidence grounds.

**B. Sephora failed to establish its entitlement to traditional summary judgment.**

A movant for traditional summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R. CIV. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). If the movant initially establishes a right to summary judgment on the issues expressly presented in the motion, then the burden shifts to the nonmovant to present to the trial court any

___

[4] We cannot consider whether there is any evidence that the breach of this duty proximately caused the Nguyens' injuries because Sephora did not move for summary judgment on that ground. *See Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996).

issues or evidence that would preclude summary judgment. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678–79 (Tex. 1979). We consider all the evidence in the light most favorable to the nonmovant, crediting evidence favorable to the nonmovant if a reasonable factfinder could, and disregarding contrary evidence unless a reasonable factfinder could not. *See Mack Trucks, Inc.*, 206 S.W.3d at 582. The movant is entitled to summary judgment only if it conclusively establishes every essential element of its claim or defense as a matter of law. *Clear Creek Basin Auth.*, 589 S.W.2d at 678. On appeal, the summary-judgment movant still bears the burden of showing that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law. *Rhône-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 223 (Tex. 1999).

Sephora moved for traditional summary judgment on the ground that it "does not owe a duty to protect invitees from criminal acts of third parties." But although Sephora seems to have assumed that the Nguyens were injured by a third party's criminal act, they neither argued nor proved that point. Sephora also asserted in its motion that "[a] landowner usually has no duty to protect invitees from the criminal or tortious acts of a third party who is not under the landowner's supervision or control." *See Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 21 (Tex. 1993). But Sephora did not contend or prove that the person who collided with the Nguyens was *not* under its supervision or control. Finally, Sephora further asserted that the Nguyens did not know "if one of the men allegedly running inside the store was an employee of Sephora." As previously discussed, however, the Nguyens produced evidence that one of the men running was a Sephora employee, and a reasonable factfinder could credit this evidence. We therefore conclude that we cannot affirm the traditional summary judgment on the grounds asserted.

### III. CONCLUSION

Because there are genuine issues of material fact and Sephora has not established that it is entitled to judgment as a matter of law, we reverse the trial court's judgment and remand the case for further proceedings.


/s/    Tracy Christopher
Justice

Panel consists of Justices Christopher, Jamison, and McCally.