**Sidney T. ZARGES, et ux., Petitioners,**

v.

**Norman H. BEVAN, Respondent.**

**No. C–1967.**

Supreme Court of Texas.

June 15, 1983.

Scott, Hulse, Marshall, Feuille, Finger & Thurmond, L. Randall Lee, El Paso, for petitioners.

Benjamin F. Youngblood, III, Tuck R. Chapin, San Antonio, for respondent.

OPINION ON REHEARING

PER CURIAM.

The per curiam opinion of this court handed down on April 27, 1983 is withdrawn, and the following is substituted there for.

This is a suit for collection of a real estate lien note executed by defendant, Norman H. Bevan, as the general partner of Inves-

tors Properties, Ltd. The trial court granted the Zargeses a summary judgment for the $34,000 due on the note. The court of appeals reversed and remanded, holding that the summary judgment proof in the case did not establish as a matter of law that the Zargeses were the owners and holders of the note. 645 S.W.2d 589. We reverse the judgment of the court of appeals and affirm the trial court's judgment.

Dr. and Mrs. Zarges were limited partners in Investment Properties, Ltd. In July 1975, they loaned the partnership $34,000, and a real estate lien note was signed by Bevan, as general partner. No payments were made on the note, so in March 1978, the Zargeses filed suit to collect on the note. A "certified true and correct copy" of the note was attached to their petition. In July 1978, Mr. Zarges' deposition was taken in which he stated he did not know where the original of the note was. Subsequently, the Zargeses stated in affidavits attached to their motion for summary judgment that they were the lawful owners and holders of the note, and that a certified true and correct copy of the note was attached to Plaintiff's First Amended Original Petition which was incorporated into their affidavits. In his response to Plaintiff's Motion for Summary Judgment, Bevan asserted there were two fact issues that needed to be litigated, but did not controvert the Zargeses' assertions that they were the owners of the note nor did he object to the sufficiency of their affidavits.

The court of appeals reversed and remanded the trial court's granting of the summary judgment. The court of appeals held that since Mr. Zarges testified in his deposition that he did not know where the original of the note was, he failed to establish as a matter of law that he was the holder and owner of the note.

In *Life Insurance Company of Virginia v. Gar-Dal, Inc.,* 570 S.W.2d 378, 380 (Tex. 1978), we held that a photocopy of a note attached to the affidavit of plaintiff who swore it was a true and correct copy was proper summary judgment evidence. In this case the Zargeses' summary judgment proof was sufficient as a matter of law to prove their status as owners and holders of the note absent controverting summary judgment proof to the contrary. *See City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 679 (Tex.1979). Their affidavits established that they were the sole owners and holders of the note, and a certified true and correct copy was attached.

Therefore, the decision of the court of appeals conflicts with *Life Insurance Company of Virginia v. Gar-Dal, supra.* We grant petitioners' application for writ of error and, without hearing oral argument, reverse the judgment of the court of appeals and affirm the judgment of the trial court. Tex.R.Civ.P. 483.

Bevan's motion for rehearing is overruled.