**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

_____

**No. 96-50381**
**Summary Calendar**

_____


**KWP Financial I, Inc., A California Corporation,**

**Plaintiff-Appellee.**

**versus**

**John C. Harlan,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court**
**for the Western District of Texas**
**(A-96-CV-42)**

_____

October 9, 1996

Before SMITH, DUHÉ, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Harlan appeals summary judgment on a promissory note and guaranty, contending that his set-off claim was not properly addressed, and that appellee's evidence was insufficient as a matter of law.

Claims of set-off are affirmative defenses which must be raised in defendant's first responsive pleading, or they are lost.

_____

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

*Davis v. Odeco*, 18 F.3d 1237, 1245 (5th Cir.) **cert. denied**, 115 S.Ct. 78 (1994); Fed. R. Civ. P. 8(c). Harlan did not raise set-off in his answer; and, it appears, he never moved to amend to include set-off. The district court understandably did not consider defendant's set-off claim; and, as defendant never sought leave to amend in the district court, we refuse to consider that new issue on appeal. Harlan's waiver of the set-off claim obviates analysis of whether he satisfied Section 51.003 of the Texas Property Code, regarding determination of fair market value of foreclosed property.

KWP Financial submitted proper summary judgment evidence which satisfied the requirements of a *prima facie* case for collection on a promissory note. Harlan's evidentiary objections fail because the promissory note itself is verbal conduct which falls outside the prescription against hearsay. The other evidence submitted by KWP financial is cognizable, and sufficient, under Texas law, for proof of a claim on a promissory note. **See, e.g., Zarges v. Bevan,** 652 S.W.2d 368 (Tex. 1983).

**AFFIRMED**