**Reversed and Remanded and Majority and Dissenting Opinions filed July 22, 2014.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-13-00607-CV

---

### THU BINH SI HO, Appellant

### V.

### SAIGON NATIONAL BANK, Appellee

---

**On Appeal from the 11th District Court
Harris County, Texas
Trial Court Cause No. 2012-08057**

---

## M A J O R I T Y   O P I N I O N

Appellee Saigon National Bank ("Saigon") sued Appellant Thu Binh Si Ho, seeking to collect the principal balance due and owing on a promissory note, along with interest and fees. Saigon moved for traditional summary judgment, which the trial court granted.

In three issues, Ho contends that the trial court erred in granting Saigon's motion for summary judgment because the evidence was legally insufficient. We reverse the

trial court's judgment and remand for further proceedings.

## BACKGROUND

Saigon filed suit to collect on a promissory note executed by Ho. Saigon alleged that Ho had defaulted on the note and a principal balance of $828,789.71 remained due and owing. Saigon requested the principal balance, pre- and post-judgment interest, and attorney's fees. Ho generally denied the allegations.

Saigon filed a motion for summary judgment. As evidence for its motion, Saigon offered an affidavit from its Chief Credit Officer and Executive Vice President, Patrick Siu. Photocopies of the original promissory note and business loan agreement, both signed by Ho, were attached to the affidavit.

Ho responded to the summary-judgment motion, arguing that the Siu affidavit was improper summary-judgment evidence because it was not based on personal knowledge and contained conclusory statements. The trial court overruled these objections and granted Saigon's motion. A final judgment was entered in favor of Saigon, awarding the bank $828,789.91, together with pre- and post-judgment interest until paid.

## STANDARD OF REVIEW

We review the trial court's grant of summary judgment de novo. *Tex. Mun. Power Agency v. Pub. Util. Comm'n of Tex.*, 253 S.W.3d 184, 192 (Tex. 2007). To prevail on a traditional summary-judgment motion under Texas Rule of Civil Procedure 166a(c), a movant must establish that there are no genuine issues of material of fact and that it is entitled to judgment as a matter of law. *M.D. Anderson Hosp. and Tumor Inst. v. Willrich*, 28 S.W.3d 22, 23 (Tex. 2000) (per curiam). When reviewing a motion for summary judgment, we take the nonmovant's evidence as true, indulge every reasonable inference in favor of the nonmovant, and resolve all doubts in favor of the nonmovant.

2

*Id.*

## ISSUES AND ANALYSIS

Ho contends the Siu affidavit is insufficient to support the trial court's grant of summary judgment. In his first and third issues, Ho asserts that the trial court improperly considered the Siu affidavit because it contains conclusory statements and is not based on personal knowledge. In his second issue, Ho contends that the affidavit evidence does not establish that Saigon is entitled to judgment as a matter of law. We address Ho's second issue first.

### A.    Waiver

As a threshold matter, Saigon contends that Ho did not preserve his second issue for appeal. In his brief, Ho states his second issue as follows: "The trial court erred in admitting the affidavit of Patrick Siu as summary judgment evidence because it does not prove the elements necessary to recover a debt." Saigon asserts that Ho did not raise this objection in its response to Saigon's motion for summary judgment, and issues not expressly presented to the trial court by written motion or response to the motion for summary judgment cannot be considered on appeal as grounds for reversal. *See* Tex. R. Civ. P. 166a(c).

To the extent that Ho is arguing in his second issue that the trial court erred in admitting the Siu affidavit as summary-judgment evidence because it does not prove the elements necessary to recover a debt, this is an evidentiary objection that would be waived if not preserved in the trial court. Ho may, however, challenge for the first time on appeal whether the summary-judgment evidence proved the movant's entitlement to judgment as a matter of law as to a traditional summary-judgment ground. *See Willrich*, 28 S.W.3d at 23. In his brief, Ho concludes his argument regarding his second issue as follows:

3

The Affidavit of Siu is insufficient to satisfy the necessary elements in an suit [sic] to recover on a debt since a question of fact remains as to the existence of the promissory note, whether Saigon is the holder of the note, or that the balance on said note was due and owing in the amounts claimed by Saigon. Saigon, therefore failed to meet their burden of proof. Since questions of material fact exists, [sic] summary judgment was improper and this Court should remand this cause to the Trial Court.

We must construe appellate briefs reasonably, yet liberally, so that the right to appellate review is not lost by waiver. *See* Tex. R. App. P. 38.1(f); *Perry v. Cohen*, 272 S.W.3d 585, 587 (Tex. 2008) (per curiam). We should reach the merits of an appeal whenever reasonably possible. *Perry*, 272 S.W.3d at 587. Although Ho introduces his issue as an objection to the admission of the affidavit, we interpret it as challenging whether Saigon's proof is sufficient as a matter of law to support its summary judgment. Thus, Ho's second issue is not waived. *See Willrich*, 28 S.W.3d at 23.

### B.      Whether Saigon's Summary-Judgment Evidence Proved its Entitlement to Judgment as a Matter of Law

To prevail in a suit on a promissory note, a plaintiff must prove: (1) the note in question; (2) the party sued signed the note; (3) the plaintiff is the owner or holder of the note; and (4) a certain balance is due and owing on the note. *Dorsett v. Hispanic Hous. and Educ. Corp.*, 389 S.W.3d 609, 613 (Tex. App.—Houston [14th Dist.] 2012, no pet.).

A true and correct copy of a note is sufficient to establish plaintiff's status as owner and holder when affidavit testimony claims ownership, absent controverting evidence. *See, e.g.*, *McLernon v. Dynegy, Inc.*, 347 S.W.3d 315, 326 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing *Zarges v. Bevan*, 652 S.W.2d 368, 369 (Tex. 1983) (per curiam)); *Blankenship v. Robins*, 899 S.W.2d 236, 238 (Tex. App.—Houston [14th Dist.] 1994, no writ). Siu avers in his affidavit that Saigon executed a loan agreement with Ho, that Ho subsequently defaulted on that agreement, and that Saigon

made demand on an amount due and owing. But Siu does not state that Saigon is the current owner and holder of the note. Without any testimony claiming current ownership, simply attaching an alleged photocopy of the original note to the Siu affidavit is insufficient to establish Saigon as the owner and holder of the note. *See Zarges*, 652 S.W.2d at 369. Moreover, Siu's affidavit states, "[t]he maturity date for this loan as amended is June 21, 2015 . . . ." The copy of the note attached to Siu's affidavit only shows a maturity date of April 21, 2010. No amendment to the note or the loan agreement is attached, which further raises a question as to whether Saigon is the current owner of the note upon which it bases its claim.

Saigon counters that the trial court's summary judgment should be upheld because Ho has not raised a fact issue controverting Saigon's current ownership of the note. But, Ho is not obligated to raise a fact issue controverting Saigon's ownership. Before the burden shifts to Ho to raise a material fact issue to defeat Saigon's summary-judgment motion, Saigon must first conclusively prove all elements of its claim. *See Willrich*, 28 S.W.3d at 22.

Finally, Saigon asserts the trial court could determine Saigon's ownership of the note because of our statements in the recent case of *Grace Interest, LLC v. Wallis State Bank*, 431 S.W.3d 110(Tex. App.—Houston [14th Dist.] 2013, pet. denied). In that case, we explained that a bank's affidavit in support of its motion for summary judgment did not contain impermissible legal conclusions when the documents it discussed were attached to the affidavit and included in the summary-judgment record. *Id*. at 125. Regarding each of the challenged paragraphs in the bank's affidavit, we stated that, "a copy of the referenced document was attached to [the affiant's] affidavit, so the court could determine the legal effect of the document for itself." *Id*. Based on this language, Saigon urges us to hold that the trial court could determine Saigon's current ownership of the note in this case by simply viewing the attached photocopy of the note.

In *Grace Interest*, we held that the affiant's references in his affidavit to several disputed agreements in the case were not impermissible conclusory statements because the referenced agreements were attached to the affidavit. *See id.* at 125 & n.5. For example, the plaintiff's affidavit testimony that, "pursuant to [the Agreement], Grace . . . assumed payment of the Note and all other obligations," was not conclusory because the Agreement was attached. *See id.* Here, Saigon argues that a trial court may find an essential element of a cause of action conclusively established when no affidavit testimony speaks to that element.

We did not hold in *Grace Interest* that a trial court may find an essential element of a claim conclusively established simply by viewing an attached document when neither the document nor the affidavit gives evidence of that element. We held only that a party's affidavit testimony about the legal effects of certain agreements is not conclusory when the agreements are attached. *See id.* We reject Saigon's argument.

We conclude that Saigon failed to conclusively establish its current ownership of the note, as is necessary to recover in a suit on a promissory note. *See Dorsett*, 389 S.W.3d at 613. Saigon did not present evidence of its current ownership of the note and, instead, described a note by affidavit testimony with a different maturity date than the version attached to the affidavit. Thus, Saigon failed to establish its entitlement to summary judgment as a matter of law. *See* Tex. R. Civ. P. 166a(c). Accordingly, we reverse the trial court's judgment and remand for proceedings consistent with this opinion.

/s/    Ken Wise
Justice

Panel consists of Chief Justice Frost and Justices Jamison and Wise (C.J. Frost, dissenting).