# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-19-00101-CV
_____

### BRIAN W. JUSTICE, Appellant

### V.

### WELLS FARGO BANK, NATIONAL ASSOCIATION, ON BEHALF OF THE REGISTERED HOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2007-AC2, ASSET-BACKED CERTIFICATES, SERIES 2007-AV2, Appellee

**On Appeal from the 410th District Court**
**Montgomery County, Texas**
**Trial Cause No. 18-05-06155-CV**

## MEMORANDUM OPINION

Appellant Brian W. Justice appeals the trial court's summary judgment in favor of Appellee Wells Fargo, National Association, on Behalf of the Registered Holders of Bear Stearns Asset Backed Securities I Trust 2007-AC2, Asset-Backed Certificates, Series 2007-AC2 ("Wells Fargo"). We affirm.

1

Procedural Background

Original Pleadings

On May 11, 2018, Wells Fargo filed its original petition, stating a claim against Justice for breach of contract and judicial foreclosure on the property located at 10503 E. Wild Wind Circle in The Woodlands ("the property"). The petition alleged that Justice had defaulted on the promissory note on the property and Wells Fargo was the holder of the note. Wells Fargo also asserted that, under the terms of the note, it could recover unpaid principal and accrued interest, late charges, and lender's costs of collection, including reasonable attorney's fees.

Justice filed two pro se answers, generally denying the allegations. The answers indicate that Justice's address is:

> 10503 E. WildWind Cir.
> The Woodlands, Tx 77380

The clerk's record also includes a copy of the envelope Justice used to mail one of the answers, and it reflects a return address of:

> P.O. Box 30413
> Fort Lauderdale, FL 33303

The trial court sent the parties a scheduling order on July 26, 2018, setting the case for trial on May 28, 2019, and ordering that all motions for summary judgment

should be filed forty-five days before trial. The scheduling order reflected that it was sent to Justice via email, and to the Woodland's address for Justice.

<u>Wells Fargo's Motion for Summary Judgment</u>

On October 29, 2018, Wells Fargo filed a traditional motion for summary judgment. In its motion, Wells Fargo argued that it was entitled to summary judgment because it was the legal holder of the promissory note that Justice executed, Justice had defaulted on the note, the note was secured by a deed of trust, and that Wells Fargo sent Notice of Acceleration to Justice. The following exhibits were attached in support of Wells Fargo's motion:

- A "Texas Home Equity Note" executed by Justice in December 2006 payable to Maverick Residential Mortgage, Inc. ("Maverick") and a "Texas Home Equity Security Instrument" giving Maverick a secured interest in the property. The Texas Home Equity Security Instrument reflected that Mortgage Electronic Registration Systems, Inc. ("MERS") is the nominee for the lender and the lender's successors and assigns, and MERS is the beneficiary under the security instrument.

- An affidavit of Monica Vongdara, a Document Control Officer for Select Portfolio Servicing, Inc. ("SPS"), which was the servicer for the loan. In her affidavit, Vongdara attested that Wells Fargo is the current holder of Justice's note on the property.

- An Assignment of Note and Deed of Trust executed in September 2008, in which MERS assigned the deed of trust to Wells Fargo Bank, National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset Backed

Certificates, Series 2007-AC2, and the markings on the assignment reflect that it was recorded in the Montgomery County records.

- A September 2010 assignment from Wells Fargo Bank, National Association, as Trustee for Certificateholders of Bear Stearns A[s]set Backed Securities I LLC, Asset Backed Certificates, Series 2007-AC2 to EMC Mortgage Corporation as attorney-in-fact for Wells Fargo Bank, National Association, as Trustee for Certificateholders of Bear Stearns Asset Backed Securities I LLC, Asset Backed Certificates, Series 2007-AC2, with markings reflecting it was recorded in the Montgomery County records.

- Demand letters dated January 20, 2016 sent to Justice by SPS on behalf of Wells Fargo notifying Justice that he had failed to make payments under the note, and the amount due and owing at that time was $890,753.73. One letter was addressed to Justice at the property's address and one was addressed to him at the Fort Lauderdale address.

- Letters sent to Justice by attorneys for SPS and dated February 8, 2018, notifying Justice of SPS's intent to accelerate the note. One letter was addressed to Justice at the property's address and one was addressed to him at the Fort Lauderdale address.

- An Affidavit in Support of Attorneys' Fees from Dominique Varner, an attorney for Wells Fargo.

- A Military Status Affidavit attesting that Justice was not in the military or on active duty in any of the armed forces.

Wells Fargo set the motion on the trial court's submission docket for December 3, 2018. The clerk's record includes no response filed by Justice in 2018. On January 3, 2019, the trial court signed an order granting summary judgment in favor of Wells Fargo. The judgment ordered that Wells Fargo's lien on the property

4

. . . is $1,589,525.10, plus interest from and after July 31, 2018, plus costs of court and reasonable and necessary attorney's fees in the amount of $1,300.00, plus conditional attorneys' fees of $7,500.00 $10,000.00 in the event of appeal to a court of appeals, additional conditional attorneys' fees of $2,000.00 $5,000.00 if an Application for Writ of Error to the Texas Supreme Court is filed, and an additional conditional attorneys' fees of $6,000.00 $15,000.00 if the Application is granted by the Texas Supreme Court (non-recourse to Defendants).

The judgment also authorized Wells Fargo to proceed with foreclosure on the property.

Justice's Motions and Wells Fargo's Response

On February 1, 2019, Justice filed a Motion to Set Aside Summary Judgment and for New Trial. Therein, Justice argued that, because he was out of state and out of the trial court's jurisdiction between October 2, 2018 and January 19, 2019, he had no actual or constructive notice of the motion for summary judgment until after judgment had been rendered. According to the motions, summary judgment in favor of Wells Fargo was erroneously granted because Wells Fargo had failed to establish a "chain of title and/or standing to sue for foreclosure[,]" which constitutes a fact issue. Justice argued that his failure to respond to the motion for summary judgment was due to accident or mistake and not conscious indifference, and applying *Craddock*,[1] the judgment should be set aside, and a new trial should be granted.

---

[1] *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939) (requiring a default judgment should be set aside and a new trial ordered if the

5

Justice also argued that he was pro se, lacked legal training, and was wholly incapable of responding timely; however, the motions were filed by an attorney representing Justice. Attached to the motions was a declaration of Lawrence E. Daniel, an attorney for Justice, and the declaration stated, in part, that

> [Justice] departed the State of Texas on October 2, 2018 and did not return until January 19, 2019. His mail was not forwarded out of state and no one was opening his mail for him. No one told him he had received notices of certified letters on this matter.
>
> He was not aware, and no one made him aware, that a Motion for Summary Judgment had been filed, that the Notice of Hearing had been sent, or that a judgment had been entered. He had no attorney or other individual periodically reviewing the Court's file for documents, motions, settings, or judgments being entered. He was unaware that he could check the Montgomery County District Court records online.
>
> He did not discover the filings, notices, and judgments until he returned to his home in Montgomery County, state of Texas until January 19, 2019.
>
> He did not intentionally fail to file a Response to the Motion for Summary Judgment. He did not intentionally avoid retrieving certified mail from the US Post Office. Missing the Motion, Notice, and Judgment were solely due to his travel out of state causing him to accidentally miss filing a response, and was not due to conscious indifference to the Motion, Notice, or Judgment.

---

defendant shows (1) that the default was neither intentional nor the result of conscious indifference, (2) a meritorious defense, and (3) that a new trial would cause neither delay nor undue prejudice).

Justice also filed a Motion for Leave to File Late Response to Plaintiff's Motion for Summary Judgment. This motion argued that good cause existed for permitting a late response because he did not receive notice of Wells Fargo's motion for summary judgment until January 19, 2019, and the no undue prejudice would result from permitting him to file a late response. Justice additionally filed a First Amended Answer on February 1, 2019, asserting a general denial and pleading certain affirmative defenses. The amended answer also contained a special exception under Texas Rules of Civil Procedure 736.1 that addresses the style of a lawsuit where judicial foreclosure is sought.

In addition to the foregoing motions, Justice filed a response to the motion for summary judgment. Therein, Justice argued that Wells Fargo failed to prove that the chain of title results in it being the holder of the note and that Wells Fargo failed to establish it has standing to sue. Justice also challenged the amount due and owing under the note. According to Justice, material fact issues regarding the chain of title and the amount owed precluded summary judgment.

Wells Fargo filed a response to Justice's motions to set aside summary judgment and for new trial. The response asserted that Justice had not filed a "vacation letter" with the trial court or otherwise informed Wells Fargo or the court that he would be out of the jurisdiction for any length of time. Wells Fargo objected

to the declaration of Lawrence Daniel for lack of foundation and because it failed to show how Daniel had sufficient personal knowledge of the matters it addressed. In addition, Wells Fargo argued that Justice "was consciously indifferent to the judicial processes in this matter as he appears to have ignored any case activity between October 2, 2018 through January 19, 2019" and he has failed to satisfy the *Craddock* test. Wells Fargo additionally argued that Justice had failed to establish a meritorious defense and that, in an earlier federal case, Justice unsuccessfully challenged Wells Fargo's right to foreclose on the property.[2] According to Wells Fargo, Justice does not have standing to challenge any of the assignments to Wells Fargo.[3] Wells Fargo also argued that a new trial would cause undue delay and injury because, if the court granted the motion for new trial, "Wells Fargo will experience significant injury as Brian W. Justice continues to reside in the Property, rent and mortgage free, and Wells Fargo is forced to reopen this litigation and incur the expenses associated with re-litigating its Motion for Summary Judgment."

---

[2] *See Brian W. Justice v. Wells Fargo Bank, N.A. as Trustee for the Registered Holders of Bear Stearns Asset Backed Securities, I, LLC, Asset-Backed Certificates, Series 2007-AC2 and Select Portfolio Servicing, Inc.*, No. H-4-3341, 2015 U.S. Dist. LEXIS 13724, at *33 (S.D. Tex. Oct. 8, 2015).

[3] Wells Fargo's response cites to the following cases: *McAllister v. BAC Home Loans Servicing, LP*, No. 4:10-CV-504, 2011 U.S. Dist. LEXIS 59782, at 14 (E.D. Tex. Apr. 28, 2011); *Eskridge v. Federal Home Loan Mortg. Corp.*, No. W-10-CA-285, 2011 U.S. Dist. LEXIS 60919, at *13 (W.D. Tex. Feb. 24, 2011).

The motions were set for a hearing. On March 5, 2019, the trial court denied Justice's motion to set aside summary judgment and for new trial. Justice filed a motion for reconsideration and a notice of appeal.

## Issues

Appellant raises four issues on appeal: (1) the trial court erred in granting Wells Fargo's motion for summary judgment, (2) the trial court erred in failing to rule on Justice's motion for leave to file a late response, (3) the trial court erred in denying Justice's motion to set aside summary judgment, and (4) the trial court erred in granting attorney's fees to Wells Fargo.[4]

## Motion for Leave to File Late Response and Motion to Set Aside Summary Judgment

We first address whether the trial court erred in failing to grant Justice's motion to file late response and his motion to set aside summary judgment. Initially, we note that Justice was pro se at the time Wells Fargo filed its motion for summary

---

[4] Our appellate record does not include a reporter's record. Justice's appellate brief states that the trial court decided the Motion to Set Aside Summary Judgment by submission. This Court received a letter from the court reporter indicating that Justice had not paid for the reporter's record. An appellant does not waive the appeal by failing to file a reporter's record. *See In re Estate of Nunu*, 542 S.W.3d 67, 74 (Tex. App.—Houston [14th Dist.] 2017, pet. denied). The appellate court can decide the appeal based on the briefs and the clerk's record. *See id.* (citing Tex. R. App. P. 37.3(c); *Samara v. Samara*, 52 S.W.3d 455, 457 (Tex. App.—Houston [1st Dist.] 2001, pet. denied)).

judgment and no attorney had made an appearance for Justice or filed any pleading on behalf of Justice when the trial court granted the summary judgment. "[A] pro se litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure." *Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 677 (Tex. App.—Dallas 2004, pet. denied); *In re Office of Attorney Gen. of Tex.*, 193 S.W.3d 690, 693-94 (Tex. App.—Beaumont 2006, orig. proceeding); *see also Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978) ("There cannot be two sets of procedural rules, one for litigants with counsel and the other for litigants representing themselves.").

We review a trial court's ruling on a motion for leave to file a late summary judgment response for an abuse of discretion. *Carpenter v. Cimarron Hydrocarbons Corp.*, 98 S.W.3d 682, 686 (Tex. 2002). We also review a trial court's disposition of a motion for new trial for an abuse of discretion. *Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 926 (Tex. 2009). A trial court abuses its discretion if it acts in an unreasonable or arbitrary manner or without reference to any guiding rules and legal principles. *K-Mart Corp. v. Honeycutt*, 24 S.W.3d 357, 360 (Tex. 2000). Because the record contains no findings of fact or conclusions of law, we must affirm the trial court's judgment if it can be upheld on any legal theory that finds support in the evidence. *Strackbein v. Prewitt*, 671 S.W.2d 37, 38 (Tex. 1984).

10

A default judgment should be set aside when the defendant establishes that (1) the failure to answer was not intentional or the result of conscious indifference, but the result of an accident or mistake, (2) the motion for new trial sets up a meritorious defense, and (3) granting the motion will occasion no undue delay or otherwise injure the plaintiff. *Craddock v. Sunshine Bus Lines, Inc.*, 133 S.W.2d 124, 126 (Tex. 1939). When a defaulting party moving for a new trial meets all three elements of the *Craddock* test, then a trial court abuses its discretion if it fails to grant a new trial. *Dolgencorp*, 288 S.W.3d at 926. When determining whether the defendant's failure to file an answer was intentional or due to conscious indifference, a court looks to the knowledge and acts of the defendant. *See In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006) (citing *Dir., State Employees Workers' Comp. Div. v. Evans*, 889 S.W.2d 266, 269 (Tex. 1994)).

The Texas Supreme Court has held that a motion for leave to file a late summary-judgment response should be granted when movant establishes "good cause" by showing that the failure to timely respond (1) was not intentional or the result of conscious indifference, but the result of accident or mistake, and (2) allowing a late response will not cause any undue delay or otherwise injure the other party. *Carpenter*, 98 S.W.3d at 688. Since *Carpenter*, several intermediate appellate courts have discussed whether *Craddock*, a modified *Craddock* standard,

11

or *Carpenter* applies when reviewing a request for a new trial after entry of a default summary judgment. *See, e.g.*, *Weech v. Baptist Health Sys.*, 392 S.W.3d 821, 825-26 (Tex. App.—San Antonio 2012, no pet.); *Imkie v. Methodist Hosp.*, 326 S.W.3d 339, 345-47 (Tex. App—Houston [1st Dist.] 2010, no pet.); *Urbanczyk v. Urbanczyk*, 278 S.W.3d 829, 835-36 (Tex. App.—Amarillo 2009, no pet.); *Limestone Constr., Inc. v. Summit Commercial Indus. Props.*, 143 S.W.3d 538, 542-44 (Tex. App.—Austin 2004, no pet.); *West v. Maint. Tool & Supply Co.*, 89 S.W.3d 96, 100-02 (Tex. App.—Corpus Christi 2002, no pet.). The modified *Craddock* standard provides that a default summary judgment should be set aside if (1) the failure to answer was not intentional or the result of conscious indifference but instead was the result of an accident or mistake, and the nonmovant's motion for new trial (2) alleges facts and contains evidence sufficient to raise a material question of fact (as opposed to setting up a meritorious defense, as *Craddock* requires) and (3) demonstrates that granting the motion will cause no undue delay or other injury to the movant. *See Weech*, 392 S.W.3d at 825-26.

Under *Craddock* or a modified *Craddock* standard, the first prong is the same: the defaulting party must establish that its failure to respond was not intentional or the result of conscious indifference but instead was the result of a mistake or accident. *See Fernandez v. Peters*, No. 03-09-00687-CV, 2010 Tex. App. LEXIS

12

8473, at **22-27 (Tex. App.—Austin Oct. 19, 2010, no pet.) (mem. op.) (the trial court could reasonably have concluded that the failure to respond was the result of conscious indifference and the court of appeals need not determine which standard should apply); *see also Craddock*, 133 S.W.2d at 126; *Limestone Constr.*, 143 S.W.3d at 542; *Carpenter*, 98 S.W.3d at 688.

Because it is dispositive, we address only whether Justice met the first prong of the *Craddock* test, which required him to establish that his failure to respond to the motion for summary judgment was not intentional or the result of conscious indifference. *See Craddock*, 133 S.W.2d at 126; *Roman v. Ramirez*, 573 S.W.3d 341, 352 (Tex. App.—El Paso 2019, pet. denied). "A defendant satisfies its burden as to the first *Craddock* element when its factual assertions, if true, negate intentional or consciously indifferent conduct by the defendant and the factual assertions are not controverted by the plaintiff." *Sutherland v. Spencer*, 376 S.W.3d 752, 755 (Tex. 2012) (citing *In re R.R.*, 209 S.W.3d 112, 115 (Tex. 2006) (per curiam)). Proof of justification, accident, mistake, or other reasonable explanation negates intent or conscious indifference. *See In re K.A.R.*, 171 S.W.3d at 717.

The trial court could reasonably have concluded that Justice's failure to respond to the motion for summary judgment amounted to more than mere negligence. *See, e.g.*, *Varady v. Gyorfi*, No. 09-15-00237-CV, 2016 Tex. App.

13

LEXIS 3877, at *22 (Tex. App.—Beaumont Apr. 14, 2016, no pet.) ("The trial court could reasonably have concluded that Varady's counsel's failure to respond to the e-file notices alone amounted to more than mere negligence."). Nothing in the record reflects that Justice notified the court clerk that his address had changed after he filed an answer. *See* Tex. Civ. Prac. & Rem. Code Ann. § 30.015 (requiring parties to notify the court with written notice of their address or change of address). Even assuming without deciding that the declaration of Lawrence Daniel is competent evidence, the declaration concedes that Justice's "mail was not forwarded out of state and no one was opening his mail for him[]" and that "[h]e had no attorney or other individual periodically reviewing the Court's file for documents, motions, settings, or judgments being entered." Neither the motion nor declaration offers evidence of justification, accident, mistake, or some other reasonable explanation that might have prevented Justice from receiving his mail or prevented someone from receiving it on behalf of Justice. *See In re K.A.R.*, 171 S.W.3d at 717.

The trial court would not have erred in concluding that Justice's factual assertions failed to negate conscious indifference where the record reflected that he had appeared in the lawsuit, then left the jurisdiction for almost four months, made no arrangements to receive communications from the court or from Wells Fargo, and provided no explanation for having done so. *See Sutherland*, 376 S.W.3d at 755;

14

*compare with Brady v. State*, No. 13-99-393-CV, 2000 Tex. App. LEXIS 6759, at **2-3 (Tex. App.—Corpus Christi Oct. 5, 2000, no pet.) (no conscious indifference where appellant was out of town but tried to confer with his attorney, who was busy with other cases). We need not address the other *Craddock* factors because the first factor is dispositive. *See* Tex. R. App. P. 47.1; *Roman*, 573 S.W.3d at 352. Accordingly, we conclude that the trial court did not abuse its discretion in denying Justice's motion to file late response and his motion to set aside summary judgment. We overrule Appellant's second and third issues.

## Summary Judgment

Justice's first issue on appeal argues that the trial court erred in granting summary judgment in favor of Wells Fargo. According to Justice, Wells Fargo failed to establish a chain of title or standing to sue for foreclosure and Wells Fargo's own summary judgment evidence raised fact issues that precluded granting summary judgment. Specifically, Justice objects to Wells Fargo's "unsubstantiated claim that it is the holder of the note or the successor under the deed of trust."

We review de novo an order granting a traditional motion for summary judgment. *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). In our review, we deem as true all evidence that is favorable to the nonmovant, indulge every reasonable inference to be drawn from the evidence, and

15

resolve any doubts in the nonmovant's favor. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). Where, as here, a trial court does not specify the grounds on which it granted the motion for summary judgment, we must affirm if any of the grounds asserted in the motion are meritorious. *Merriman v. XTO Energy, Inc.*, 407 S.W.3d 244, 248 (Tex. 2013).

To be entitled to a traditional summary judgment, a movant must establish that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law on the issues set forth in the motion. Tex. R. Civ. P. 166a(c); *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding*, 289 S.W.3d 844, 848 (Tex. 2009). A nonmovant need not file an answer or response to a traditional motion for summary judgment in order to challenge the sufficiency of the evidence relied on by the movant. *See Fantastic Homes, Inc. v. Combs*, 596 S.W.2d 502, 502 (Tex. 1979) (citing *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979)). A trial court may not grant a traditional summary judgment by default alone; even when no response is on file, the movant must bear its burden to conclusively prove all of the elements of its cause of action or defense as a matter of law. *Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005) (citing *Rhone-Poulenc, Inc. v. Steel*, 997 S.W.2d 217, 222-23 (Tex. 1999)). In our appellate review, we may consider only the grounds expressly set forth in the motion for summary judgment

and the issues of fact expressly set forth in the response thereto. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 341-43 (Tex. 1993); *Tello v. Bank One, N.A.*, 218 S.W.3d 109, 116 (Tex. App.—Houston [14th Dist.] 2007, no pet.).

To sue on a note, a party must show (1) the existence of the note, (2) the defendant signed the note, (3) the plaintiff was the holder of the note, and (4) a balance was due and owing under the note. *See Residential Credit Sols., Inc. v. Padilla*, No. 13-15-00504-CV, 2018 Tex. App. LEXIS 2956, at *9 n.11 (Tex. App.—Corpus Christi Apr. 26, 2018, no pet.) (mem. op.) (citing *Doncaster v. Hernaiz*, 161 S.W.3d 594, 602 (Tex. App.—San Antonio 2005, no pet.); *Scott v. Commercial Servs. of Perry, Inc.*, 121 S.W.3d 26, 29 (Tex. App.—Tyler 2003, pet. denied)); *Thu Binh Si Ho v. Saigon Nat'l Bank*, 438 S.W.3d 871, 873 (Tex. App.—Houston [14th Dist.] 2014, no pet.). On appeal, Justice only challenges the third prong—that Wells Fargo was the holder of the note.

A true and correct copy of a note accompanied by sworn testimony proving ownership and possession of the instrument establishes a plaintiff's status as the owner and holder of the note, absent controverting evidence. *See Zarges v. Bevan*, 652 S.W.2d 368, 369 (Tex. 1983) (per curiam); *Life Ins. Co. of Va. v. Gar-Dal, Inc.*, 570 S.W.2d 378, 380 (Tex. 1978); *Comerica Bank v. Progressive Trade Enters., Inc.*, 544 S.W.3d 459, 463-64 (Tex. App.—Houston [14th Dist.] 2018, no pet.). An

affiant's testimony that an attached exhibit is a true and correct copy of a note and the affiant (or its principal) is owner and holder of the note is sufficient summary-judgment evidence to establish this status absent controverting evidence. *See McLernon v. Dynegy, Inc.*, 347 S.W.3d 315, 326 (Tex. App.—Houston [14th Dist.] 2011, no pet.) (citing *Zarges*, 652 S.W.2d at 369).

In this case, Wells Fargo attached to its motion for summary judgment the affidavit of Monica Vongdara of SPS, Wells Fargo's loan servicing agent, in which she testified that "WELLS FARGO BANK, NATIONAL ASSOCIATION, ON BEHALF OF THE REGISTERED HOLDERS OF BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2007-AC2, ASSET-BACKED CERTIFICATES, SERIES 2007-AC2, is the current holder of the Note." Attached to her affidavit were copies of the Texas Home Equity Note (the note), a Texas Home Equity Security Instrument (the deed of trust), and an assignment of the deed of trust. Vongdara's affidavit stated that the attached documents were true and correct copies of the originals. Justice did not timely offer any controverting evidence, and Wells Fargo's summary judgment evidence standing alone satisfies the Texas standard for proof that it was the holder of the note. *See Comerica Bank*, 544 S.W.3d at 465 (concluding that, where movant presented competent evidence that it was the present owner and holder of the note, and nonmovants presented no testimony or other

18

evidence to the contrary, the movant conclusively demonstrated its status as owner and holder of the note). Because Justice did not challenge any other basis for the summary judgment, we need not address the other elements of a suit on a note. *See* Tex. R. App. P. 47.1. We overrule Justice's third issue.

Attorney's Fees

According to Justice, the trial court erred in awarding attorney's fees to Wells Fargo because the award was not founded on evidence but only on estimates by Wells Fargo's counsel. In particular, Justice argues that the award of fees for appeal was not supported by testimony about the number of hours that would be required, the nature of the tasks that would be involved, or who would perform the work. Justice argues that "conclusory testimony devoid of any real substance will not support a fee award." In his reply brief, Justice argues that Wells Fargo's summary judgment evidence did not meet the lodestar requirements under *Arthur Andersen & Co. v. Perry Equipment Corp.*, 945 S.W.2d 812 (Tex. 1997).

Wells Fargo argued in its motion for summary judgment that it was entitled to recover its attorney's fees under both the note and the deed of trust. Justice did not timely respond to Wells Fargo's motion. And, Justice did not challenge the summary judgment as to attorney's fees in his Motion to Set Aside Summary Judgment and for New Trial, or in his Motion for Leave to File Late Response to

19

Plaintiff's Motion for Summary Judgment, or in his First Amended Answer, or in his late-filed Response to Plaintiff's Motion for Summary Judgment. To preserve error for appellate review requires the complaining party to show that it presented its complaint to the trial court in a timely request, objection, or motion and that the trial court ruled on the request. *See* Tex. R. App. P. 33.1. Justice has waived error on this issue by his failure to make a timely objection. *See Gulley v. Davis*, 321 S.W.3d 213, 218 (Tex. App.—Houston [1st Dist.] 2010, pet. denied) (failure to timely challenge all possible grounds for a ruling in the trial court waives error for appellate review). We overrule Justice's fourth issue.

Having overruled all of Justice's issues, we affirm the judgment of the trial court.

AFFIRMED.

_____
LEANNE JOHNSON
Justice

Submitted on October 22, 2019
Opinion Delivered December 12, 2019

Before McKeithen, C.J., Kreger and Johnson, JJ.