**WRIGHT WAY SPRAYING SERVICE, Petitioner,**

v.

**Jack C. BUTLER, Respondent.**

No. C–3919.

Supreme Court of Texas.

June 12, 1985.

Clyde Wright, Jr., Alice, Robert L. Joseph, Sinton, for petitioner.

Dean & Hunt, Roy D. Hunt, Alice, for respondent.

PER CURIAM.

Wright Way Spraying Service sued Jack C. Butler to recover payments for crop spraying services rendered and chemicals supplied from July 1980 through August 1981. Butler counter-claimed contending Wright Way charged a usurious interest rate. In a non-jury trial, the trial court rendered judgment for Wright Way for $207,000 plus 6% prejudgment interest and 9% post-judgment interest. Wright Way was also awarded $2,000 in attorney's fees. Butler's counter-claim for usury was denied. Butler appealed the judgment on two points of error. First, the trial court erred in denying his counter-claim because the evidence established, as a matter of law, that Wright Way charged Butler an interest rate greater than that allowed by law. Next, Butler contended the trial court erred in finding no usury and in denying his counter-claim because a finding that Wright Way did not charge interest on Butler's account at more than twice the interest rate allowed by law was against the great weight and preponderance of the evidence.

In addressing the first point of error, the court of appeals reversed the trial court and held that the evidence conclusively established the absence of an agreement from August 1980 to June 1981 and, therefore, the 10% interest rate charged was usurious as a matter of law. 683 S.W.2d 823 (1984). The court of appeals then determined that the court's finding of no usury was against the great weight and preponderance of the evidence because the evidence established that after June 1981 Wright Way was charging interest rates of more than twice the interest rate allowed by law.

The court of appeals rendered judgment that Wright Way's claim in the amount of $207,107.15 be forfeited under the provisions of Tex.Rev.Civ.Stat.Ann. art. 5069–1.-06(2) (Vernon 1971). Further, the court of appeals rendered judgment that Butler recover from Wright Way $28,004.46 as penalties under the provision of Tex.Rev.Civ. Stat.Ann. art. 5069–1.06 (Vernon Supp. 1984) together with costs of court and interest as provided by law. We affirm the holding of the court of appeals that usury was established as a matter of law from August 1980 to June 1981.

However, the court of appeals determined that a finding by the trial court that Wright Way did not charge an interest rate more than twice the rate allowed by law was against the great weight and preponderance of the evidence. In order to determine whether the interest rate was more than twice the interest rate to be charged by law, it is necessary to determine whether there was an agreement as to the interest rate to be charged. "If the court of appeals sustains the point finding the evidence factually insufficient, it must reverse the judgment of the trial court and remand for new trial." *Glover v. Texas General Indemnity Co.,* 619 S.W.2d 400, 401 (Tex.1981). The court of appeals has no jurisdiction to render based on a great weight and preponderance of the evidence point. *Id. In Re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

Therefore, without hearing oral argument, we reverse the judgment of the court of appeals and remand this cause to the trial court for a determination of whether there was an agreement between the parties for an interest rate to be charged and whether the interest rate charged was more than twice the rate allowed by law. Tex.R.Civ.P. 483.