Jack C. BUTLER, Appellant,

v.

WRIGHT WAY SPRAYING
SERVICE, Appellee.

No. 04–86–00434–CV.

Court of Appeals of Texas,
San Antonio.

Nov. 25, 1987.

Rehearing Denied Jan. 5, 1988.

Robert L. Vale, San Antonio, for appellant.

Clyde L. Wright, Jr., Alice, Robert L. Joseph, Sinton, for appellee.

Before CADENA, C.J., and DIAL and CHAPA, JJ.

## ON APPELLANT'S MOTION FOR REHEARING .

CHAPA, Justice.

The opinion of this Court dated September 16, 1987, is withdrawn and this opinion is substituted.

Wright Way Spraying Service sued Jack C. Butler on a sworn account to recover payments for crop spraying services rendered and chemicals supplied from July 1980 through August 1981. Butler counterclaimed alleging a usurious interest charge. After trial, judgment was entered in favor of Wright Way, and Butler appealed to this Court urging error in the denial of his counterclaim for usury. This Court reversed the judgment of the trial court, finding that usury was conclusively established and rendering in part that Butler was entitled to certain penalties for usury under TEX.REV.CIV.STAT.ANN. art. 5069–1.06 (Vernon Supp.1984). This Court further remanded the cause in part for a determination of reasonable attorney's fees to be awarded to Butler. *Butler v. Wright Way Spraying Service*, 683 S.W.2d 823 (Tex.App.—San Antonio 1984), *rev'd per curiam*, 690 S.W.2d 897 (Tex.1985). Wright Way subsequently appealed to the Supreme Court of Texas which affirmed the holding of this Court of Appeals that usury was established as a matter of law

from August 1980 to June 1981, but reversed the judgment of this Court of Appeals and remanded the cause to the trial court for a determination for the period after June 1981 of:

> 1) whether there was an agreement between the parties for an interest rate to be charged; and

> 2) whether the interest rate charged was more than twice the rate allowed by law.

*Wright Way Spraying Service v. Butler,* 690 S.W.2d 897 (Tex.1985) (per curiam).[1]

On remand, the trial court found "that there was an agreement between the parties for an interest rate to be charged and that the interest rate was not usurious." Butler appeals without findings of fact and conclusions of law.

Initially, Butler contends that there was no evidence of an agreement by the parties to charge a rate of interest. The standard of review here is stated by the Supreme Court of Texas:

> In deciding a 'no evidence' point, which is a question of law, we consider only that evidence and reasonable inferences therefrom which viewed in its most favorable light supports the jury finding and we must reject all evidence or reasonable inferences to the contrary. *McClure v. Allied Stores of Texas, Inc.,* 608 S.W.2d 901, 904 (Tex.1980); *East Texas Theatres, Inc. v. Rutledge,* 453 S.W.2d 466, 467 (Tex.1970); *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965).

*Glover v. Texas General Indemnity Company,* 619 S.W.2d 400, 401 (Tex.1981). We see no reason why this same standard should not apply to a case involving a trial court's findings as well.

The record reflects testimony from Ronnie Wright and Judy Maixner (previously Judy Wright) that Butler had a delinquent account and a bad past pay record with Wright Way; that as a result of this, Wright Way was forced to make a loan with the bank paying interest at the rate of approximately 20% per year; that in June 1981, this was made known to Butler, who continued to request products and services from Wright Way; that because Butler was unable to pay until the crop came in, he agreed orally to pay Wright Way interest at the same rate Wright Way was paying to the bank on the loan; that Butler thereafter failed or refused to execute the subsequent written agreement mailed to him; and that although the oral agreement justified an interest rate of approximately 20% per year, Butler was only charged 18%, as were all other customers of Wright Way. Conflicting evidence was elicited at the hearing as to the amount of the interest charged, but we are required to view the evidence in the most favorable light in support of the judgment. *Glover v. Texas General Indemnity Company,* 619 S.W.2d 400, 401 (Tex.1981). Considering the evidence and reasonable inferences therefrom which in the most favorable light supports the judgment, we hold that the finding of an agreement between the parties for an interest rate to be charged is supported by the record. In so holding, we note that Butler's reliance on *Moody v. Main Bank of Houston,* 667 S.W.2d 613 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.) is misplaced. *Moody* involved a similar agreement to charge interest "at the same interest rate charged by other banks." The court there held that this was "an oral agreement as to a specific, determinable

---

1. The Supreme Court affirmed the holding of this Court of Appeals that usury was established as a matter of law as a result of the interest charged for the period of August 1980 to June 1981. In affirming this part of the Court of Appeal's judgment, the Supreme Court approved usury penalties against Wright Way in the amount of $1,098.90.

    Because of an alleged agreement to charge interest after June 1981, the Supreme Court disapproved that part of the judgment of this court that rendered penalties against Wright Way due to a charge of interest rate of more than twice the rate allowed by law after June 1981. In so doing, the Supreme Court pointed out that a determination that the interest rate was more than twice that allowed by law could not be made without first determining whether there was an agreement reached as to the interest rate in June 1981. In reversing, the Supreme Court pointed out that the Court of Appeals has no jurisdiction to render on a great weight and preponderance of the evidence point. *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

rate of interest [and] the transaction is governed by art. 5069–1.02. *See Preston Farm & Ranch Supply, Inc. v. Bio–Zyme Enterprises*, 625 S.W.2d 295 (Tex.1981)." *Moody v. Main Bank of Houston*, 667 S.W. 2d at 619. *Moody*, therefore, supports the contention of Wright Way. Accordingly, the initial point is rejected.

The remaining points of error pertain to the trial court's second finding "that the interest rate charged was not usurious." In so doing after finding an agreement, the trial court either embraced Wright Way's contention that 12 U.S.C. § 86a preempted the state usury statute or found that the interest rate charged was 10% or less, the maximum interest permitted by state law where an agreement is made.

■ The "law of the case" doctrine is that principle under which questions of law decided on appeal to a court of last resort will govern the case throughout its subsequent stages. *Trevino v. Turcotte*, 564 S.W.2d 682, 685 (Tex.1978). By narrowing the issues in successive stages of the litigation, the law of the case doctrine is intended to achieve uniformity of decision as well as judicial economy and efficiency. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex. 1986), *citing, Dessommes v. Dessommes*, 543 S.W.2d 165, 169 (Tex.Civ.App.—Texarkana 1976, writ ref'd n.r.e.). When the Supreme Court of Texas remands a case and limits a subsequent trial to a particular issue, the trial court is restricted to a determination of that issue. Thus, in a subsequent appeal, instructions given to a trial court in the former appeal will be adhered to and enforced. *Hudson v. Wakefield*, 711 S.W.2d 628, 630 (Tex.1986).

The federal preemption statute, 12 U.S.C. § 86a, was in effect from April 1, 1980, to April 1, 1983, thereby encompassing the entire period of time during which the transaction forming the basis of this litigation occurred. Logically, if the preemption statute had been held to be applicable to this transaction, the Supreme Court of Texas could not have found usurious the charges by Wright Way for services rendered and products provided between August 1980 and June 1981, since the 19–23% interest ceiling on usury permitted by the federal preemption statute would arguably have permitted the 10% interest charged by Wright Way in the absence of an agreement.

It is apparent that the Supreme Court's remand for a determination of "whether there was an agreement between the parties for an interest rate to be charged" was for the purpose of deciding whether Article 5069–1.02 (where an agreement for a rate of interest is governed) is applicable, or whether Article 5069–1.03 (where no agreement for a specified rate of interest exists) is controlling. The trial court on remand having found an agreement between the parties for a rate of interest to be charged, impliedly found the former statutory provision applicable to these facts.[2]

It is further apparent that the Supreme Court's remand for a determination of "whether the interest rate charged was *more than twice the rate* allowed by law" was for the purpose of deciding which of the penalty provisions of article 5069–1.06 applied.[3]

---

**2.** Article 5069–1.02 provides:

Except as otherwise fixed by law, the maximum rate of interest shall be ten percent per annum. A greater rate of interest than ten percent per annum unless otherwise authorized by law shall be deemed usurious. *All contracts for usury are contrary to public policy and shall be subject to the appropriate penalties prescribed in Article [5069–]1.06 of this Subtitle.*

TEX.REV.CIV.STAT.ANN. art. 5069–1.02 (Vernon 1987) (emphasis added).

**3.** Article 5069–1.06 provides in pertinent part:

(1) Any person who contracts for, charges or receives interest which is greater than the amount authorized by this Subtitle, shall forfeit to the obligor three times the amount of usurious interest contracted for, charged or received, such usurious interest being the amount the total interest contracted for, charged, or received exceeds the amount of interest allowed by law, and reasonable attorney fees fixed by the court except that in no event shall the amount forfeited be less than Two Thousand Dollars or twenty percent of the principal, whichever is the smaller sum; provided, that there shall be no penalty for any usurious interest which results from an accidental and bona fide error.

(2) Any person who contracts for, charges or receives interest which is *in excess of double*

We note that Wright Way previously presented the preemption argument in its prior appeal to this Court, wherein it was implicitly denied as an appropriate defense to usury. *See Butler v. Wright Way Spraying Service,* 683 S.W.2d 823 (Tex. App.—San Antonio 1984), *rev'd per curiam,* 690 S.W.2d 897 (Tex.1985). Following the Supreme Court's affirmance of this Court's finding of usury as a matter of law, there was no motion for rehearing directed to the Supreme Court, challenging that Court's establishing of usury as the law of the case in subsequent proceedings. Further, Wright Way has no pleadings to suggest that 12 U.S.C. § 86a is applicable as a defense to Butler's claim of usury. In addition, the Findings of Fact and Conclusions of Law signed by the trial court at the conclusion of the original trial are silent on the applicability, if any, of the federal statute in preemption of state usury limits.

■ Even assuming *arguendo* that the statute is applicable, Wright Way has waived any right to argue the statute as a defense to usury, where it has no pleadings to support the statute as a defense; where no efforts were made to amend the pleadings to include the statute; where no efforts were made to include the application of the statute in the original findings of fact and conclusions of law; where the statute was argued and implicitly rejected by the opinion of this Court; where the application of the statute was either waived by Wright Way or implicitly rejected by the opinion of the Supreme Court; and where the opinion of the Supreme Court was unchallenged by an appropriate request for rehearing alleging the applicability of the statute. We hold the law of the case precluded the trial judge from embracing the preemption contention.

*the amount of interest* allowed by this Subtitle shall forfeit as an *additional penalty,* all principal as well as interest and all other charges and shall pay reasonable attorney fees set by the court; provided further that any such person violating the provisions of this section shall be guilty of a misdemeanor and upon conviction thereof shall be punished by fine

If the trial judge found that the interest charged after June 1981 was 10% or less, the record fails to support such a finding. The evidence on remand indicated that the interest agreed to or charged was in a range of 18% and above. The record contains no evidence that the interest either agreed to or charged was 10% or less. Therefore, the complaints as to the trial court's second finding are sustained.

We .affirm that portion of the trial court's judgment that there was an agreement between the parties for an interest rate to be charged. We reverse and remand the cause with instructions to the trial court to vacate his finding of no usury and to determine only whether the interest rate charged after the agreement was more than twice the rate allowed by law and enter judgment in conformity therewith.

The judgment of the trial court is affirmed in part, and the cause is reversed and remanded in part.

CADENA, C.J., and DIAL, J., concur in result.

of not more than One Thousand Dollars. Each contract or transaction in violation of this section shall constitute a separate offense punishable hereunder.

\*　\*　\*　\*　\*　\*

TEX.REV.CIV.STAT.ANN. art. 5069–1.06(1), (2) (Vernon 1987 & Vernon Supp.1987) (emphasis added).