

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————————

No. 02-17-00425-CV

———————————————————

DONALD DUNN AND JACKEY DUNN D/B/A DOUBLE D LIQUOR,
Appellants

V.

MENGTAI PETROLEUM MACHINERY, CO., LTD., Appellee

On Appeal from the 89th District Court
Wichita County, Texas
Trial Court No. 180,335-C

Before Sudderth, C.J.; Gabriel and Birdwell, JJ.
Memorandum Opinion by Justice Gabriel

**MEMORANDUM OPINION**

Appellant Donald Dunn and Jackey Dunn d/b/a Double D Liquor is in the business of selling liquor and cashing checks. W. R. Walls utilized the latter services, cashing $90,254.58 worth of checks made payable to his employer, appellee Mengtai Petroleum Machinery, Co., Ltd. Walls indorsed the checks himself, and Double D Liquor paid him the cash and deposited the checks into its account at First Bank. The police eventually presented First Bank with forgery affidavits executed by Xiaoing Jin, a representative of Mengtai, who averred that Walls had not been authorized to cash the company's checks and had absconded with the money. In response, First Bank froze a sufficient amount of funds in Double D Liquor's account to cover the missing money and, unable to determine who was entitled to have it, filed an interpleader action, naming Double D Liquor and Mengtai as defendants. The trial court conducted a bench trial, found that Walls was not authorized to cash the checks at issue and that Double D Liquor was therefore liable to Mengtai for conversion of the checks, and rendered judgment awarding the interpleaded funds to Mengtai.

Its spirits thus shaken, Double D Liquor appealed. We affirm.

## I. WALLS'S AUTHORITY TO INDORSE MENGTAI'S CHECKS

As we construe its first of three issues, Double D Liquor argues the evidence is legally insufficient to support the trial court's failure to find that Walls was authorized

2

to indorse the company checks at issue here.[1]  As we understand its brief, Double D

Liquor raises two arguments.  First, it argues the evidence conclusively establishes that

[1]Double D Liquor's brief is no model of clarity.  It is somewhat unclear from Double D Liquor's brief whether its sufficiency challenge is based on legal insufficiency, factual insufficiency, or both.  While Double D Liquor contends in the summary-of-argument portion of its brief that the asserted failure to find "was against the great weight and preponderance of the evidence and is clearly wrong and manifestly unjust," which is the standard for a factual-sufficiency challenge, the only relief it requested in its brief is that we render judgment in its favor, which is the appropriate relief for legal, not factual insufficiency.  *See Dow Chemical Co. v. Francis*, 46 S.W.3d 237, 241–42 (Tex. 2001) (explaining that if a party challenges the *legal sufficiency* of an adverse finding on an issue on which the party had the burden of proof, the party must demonstrate on appeal the evidence establishes, as a matter of law, all vital facts in support of the issue, whereas if a party challenges the *factual sufficiency* of an adverse finding on such an issue, an appellate court may set aside the finding "only if the evidence is so weak or if the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust").  *Compare Wright Way Spraying Serv. v. Butler*, 690 S.W.2d 897, 898 (Tex. 1985) (noting that a court of appeals must reverse the trial court's judgment and remand for a new trial if it finds the evidence is factually insufficient and that it has no jurisdiction to render based on a factual-sufficiency challenge), *with Vista Chevrolet, Inc. v. Lewis*, 709 S.W.2d 176, 176 (Tex. 1986) (reiterating the well-settled rule that "no evidence" points require rendition in favor of the appealing party).

Further, just before the argument portion of its brief concerning its first issue, Double D Liquor restates that issue as "W.R. Walls did have the authority or apparent authority to indorse checks made to Mengtai Petroleum," and in the argument portion of its brief related to this issue, it merely argues that the evidence established Walls had the authority to indorse the checks at issue.  Those are legal-sufficiency arguments.  *See Dow Chemical*, 46 S.W.3d at 241.  Thus, because Double D Liquor only raises arguments relating to legal insufficiency in its briefing of its first issue and requests only that we reverse and render judgment in its favor, we construe its first issue as raising only a legal-sufficiency challenge.  *See Maynard v. Booth*, 421 S.W.3d 182, 183 (Tex. App.—San Antonio 2013, pet. denied) (addressing only the legal sufficiency of the evidence where appellant cited both legal- and factual-sufficiency standards of review but only requested the court reverse the trial court's judgment and render judgment in her favor).

Walls was authorized to make deposits for Mengtai and that it "naturally follows that [he] had to be able to indorse [Mengtai's] checks." Second, Double D Liquor borrows from section 3.405(a)(3) of the business and commerce code, arguing that because the evidence establishes Walls had "responsibility" with respect to the checks within the meaning of that provision, he necessarily had the authority to indorse the checks. We are not persuaded by either of these arguments.

## A. STANDARD OF REVIEW

We may sustain a legal-sufficiency challenge—that is, a no-evidence challenge—only when (1) the record discloses a complete absence of evidence of a vital fact, (2) the rules of law or of evidence bar the court from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence establishes conclusively the opposite of a vital fact. *Ford Motor Co. v. Castillo*, 444 S.W.3d 616, 620 (Tex. 2014) (op. on reh'g); *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998) (op. on reh'g). In determining whether legally sufficient evidence supports the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and must disregard contrary evidence unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005).

If a party is attacking the legal sufficiency of an adverse finding on an issue on which the party had the burden of proof, and if no evidence supports the finding, we

4

review all the evidence to determine whether the contrary proposition is established as a matter of law. *Dow Chem. Co.*, 46 S.W.3d at 241; *Sterner v. Marathon Oil Co.*, 767 S.W.2d 686, 690 (Tex. 1989).

### B. APPLICABLE LAW

If an instrument is payable to an identified person, negotiation requires transfer of possession of the instrument and its indorsement by the holder. Tex. Bus. & Com. Code Ann. § 3.201(b). As relevant here, an indorsement is a signature, other than that of a signer as maker, drawer, or acceptor, that alone or accompanied by other words is made on an instrument for the purpose of negotiating the instrument. *Id.* § 3.204(a). Generally, an unauthorized signature is ineffective except as the signature of the unauthorized signer in favor of a person who in good faith pays the instrument or takes it for value. *Id.* § 3.403(a). An unauthorized signature is one that was made without actual, implied, or apparent authority. *Id.* § 1.201(41).

### C. ANALYSIS

We begin with Double D Liquor's first issue. Mengtai concedes Walls had responsibility for the checks within the meaning of section 3.405(a)(3), but it denies this necessarily established he had authority to indorse them. In relevant part, section 3.405(a)(3) provides,

> "Responsibility" with respect to instruments means authority (i) to sign or indorse instruments on behalf of the employer, (ii) to process instruments received by the employer for bookkeeping purposes, for deposit to an account, or for other disposition, (iii) to prepare or process instruments for issue in the name of the employer, (iv) to supply

information determining the names or addresses of payees of instruments to be issued in the name of the employer, (v) to control the disposition of instruments to be issued in the name of the employer, or (vi) to act otherwise with respect to instruments in a responsible capacity.

*Id.* § 3.405(a)(3). This statute enumerates an itemized list of areas of authority with respect to instruments and provides that if an employee has authority in those areas, then the employee has "'Responsibility' with respect to instruments" within the meaning of section 3.405. *Id.* One such area of authority is the authority to sign or indorse instruments on behalf of the employer. *Id.* § 3.405(a)(3)(i). And this seems to be the basis of Double D Liquor's contention that establishing Walls had responsibility with respect to the checks at issue here necessarily means he had authority to indorse those checks.

But this is a misreading of the statute. The statute's text sets forth the itemized list of areas of authority using the disjunctive "or," meaning that if an employee has authority over any one of the enumerated areas, then the employee has "responsibility with respect to instruments." *See Webster's Third Int'l Dictionary* 1585 (2002) (stating that "or" is used as a function word to indicate an alternative between different or unlike things, states, or actions); *see also* Antonin Scalia & Bryan A. Garner, *Reading Law: The Interpretation of Legal Texts* 116 (2012) (noting that disjunctive use of "or" creates alternatives and that its use in a list indicates at least one item in the list is required, but any one or more of the items satisfies the requirement). Thus, it is possible for an employee to have responsibility with respect to checks under section

6

3.405(a)(3) even if he does not have the authority to sign or indorse checks on behalf of his employer. Accordingly, contrary to Double D Liquor's argument, showing Walls had responsibility with respect to Mengtai's checks does not conclusively establish that he had authority to indorse them on Mengtai's behalf.

We turn to Double D Liquor's other argument, which is that the evidence conclusively shows that Walls had authority to deposit Mengtai's checks, so it "naturally follows" that he had authority to indorse Mengtai's checks.

Jin testified that Walls was a manager of Mengtai. As Double D Liquor acknowledges, Jin testified that Walls did not have any authority to indorse checks that were payable to Mengtai. Jin also testified that Walls did not have authority to take the proceeds of checks payable to Mengtai. Rather, according to Jin, checks made payable to Mengtai were supposed to go into Mengtai's bank account. Viewing the evidence in the light most favorable to the trial court's findings, Jin's testimony that Walls was not authorized to indorse Mengtai's checks constitutes more than a scintilla of evidence supporting the trial court's finding that Walls lacked authority to indorse the checks at issue here. Because the evidence is legally sufficient to support the trial court's finding that Walls lacked authority to indorse the checks at issue here, we overrule Double D Liquor's first issue.

## II. ORDINARY CARE

As we understand its second issue, Double D Liquor challenges the trial court's implied finding that it failed to exercise ordinary care in receiving from Walls checks

7

made payable to Mengtai, arguing that the evidence conclusively established the contrary.[2] The same standard of review we applied to Double D Liquor's first issue also applies to its second.

## A. APPLICABLE LAW

Under the Texas Uniform Commercial Code (UCC), a person who receives a check, other than by negotiation, from a person who is not entitled to enforce it is liable for conversion of the check. Tex. Bus. Com. Code Ann. § 3.420(a). The measure of liability for such a conversion is presumed to be the amount payable on the check. *See id.* § 3.420(b).

The UCC also contains certain comparative negligence provisions that apply to some, but not all, conversion claims. *Sw. Bank v. Info. Support Concepts, Inc.*, 149 S.W.3d 104, 107 (Tex. 2004). One such defense is the "faithless employee" defense found in section 3.405. *See* Tex. Bus. Com. Code Ann. § 3.405; *Hanh H. Duong v. Bank One, N.A.*, 169 S.W.3d 246, 249 (Tex. App.—Fort Worth 2005, no pet) (referencing defense afforded by section 3.405 as the "faithless employee" defense). The faithless employee defense is as follows:

> For the purpose of determining the rights and liabilities of a person who, in good faith, pays an instrument or takes it for value or for collection, if

---

[2]As with its first issue, and for the same reasons, Double D Liquor's brief is unclear whether its second issue is based on legal insufficiency, factual insufficiency, or both. For the same reasons we articulated with respect to its first issue, we construe Double D Liquor's second issue as presenting only a legal-sufficiency challenge.

8

an employer entrusted an employee with responsibility with respect to the instrument and the employee or a person acting in concert with the employee makes a fraudulent indorsement of the instrument, the indorsement is effective as the indorsement of the person to whom the instrument is payable if it is made in the name of that person. If the person paying the instrument or taking it for value or for collection fails to exercise ordinary care in paying or taking the instrument and that failure contributes to loss resulting from the fraud, the person bearing the loss may recover from the person failing to exercise ordinary care to the extent the failure to exercise ordinary care contributed to the loss.

Tex. Bus. Com. Code Ann. § 3.405(b). In other words, as the Fifth Circuit has aptly summarized, under section 3.405, a person who converts a check nevertheless escapes liability for the conversion if (1) the person, in good faith, took the check for value, (2) the embezzler was an employee whose employer entrusted him with responsibility for the check, and (3) the employee fraudulently indorsed the check, but (4) with the proviso that the person remains liable for any loss to the extent that the person failed to exercise ordinary care. *See Coastal Agric. Supply, Inc. v. JP Morgan Chase Bank, N.A.*, 759 F.3d 498, 506 (5th Cir. 2014).

## B. ANALYSIS

It is undisputed that the checks Double D Liquor received from Walls that are at issue here were payable to Mengtai. Additionally, the trial court found that Walls was not authorized to indorse those checks, and we have concluded that finding is supported by legally sufficient evidence. Thus, Double D Liquor received the checks from a person who was not entitled to enforce them. Consequently, Double D Liquor converted those checks and is presumptively liable for the full amount that is

9

payable on them, *see* Tex. Bus. Com. Code Ann. § 3.420(a)–(b), unless it established a defense, and that is where section 3.405 comes in.

During trial, the parties did not dispute that Double D Liquor had taken the checks in good faith and for value. Nor did they dispute that Walls was an employee of Mengtai who was entrusted with responsibility for the checks. It also was undisputed that Walls had indorsed the checks "Mengtai Petroleum Machinery / W.R. Walls." The extent of Double D Liquor's liability, then, turns on whether it exercised ordinary care in taking the checks. *See id.* § 3.405. The trial court impliedly found it did not, and Double D Liquor challenges this finding.

However, before making that challenge, Double D Liquor seems to advance a self-defeating argument on appeal: it contends section 3.405—the faithless employee defense—is inapplicable to this case because the checks in question were not fraudulently indorsed. Because Double D Liquor is the party that converted those checks, it is the party who stands to benefit from the faithless employee defense, and one requirement for that defense to apply is that the checks were fraudulently indorsed. *See id.* Thus, to accept Double D Liquor's contention that the checks were not fraudulently indorsed would mean that the faithless employee defense is unavailable to it, rendering its argument that it exercised ordinary in receiving the checks from Walls moot.

But Double D Liquor also argues that if section 3.405 is applicable, the evidence conclusively shows it exercised ordinary care in receiving the checks from

10

Walls.  In trying to reconcile Double D Liquor's alternative arguments, we bear in mind that we are to "construe appellate briefs reasonably, yet liberally, so that the right to appellate review is not lost by waiver."  *See Ho v. Saigon Nat'l Bank*, 438 S.W.3d 871, 873 (Tex. App.—Houston [14th Dist.] 2014, no pet.).  Looking to Double D Liquor's brief, we note that in both the issues-presented and summary-of-argument portions of its brief, Double D Liquor framed its second issue as whether it had used "due diligence" in receiving the checks from Walls.  We also note that in its first issue, Double D Liquor maintained that Walls was not an imposter or fictitious payee under section 3.404 but rather was an employee with responsibility under section 3.405.  We note again that neither party disputed at trial that Walls had indorsed the checks at issue here "Mengtai Petroleum Machinery / W.R. Walls."  And we note that Mengtai does not argue that section 3.405 is inapplicable and that it insists the checks were fraudulently indorsed.  Given these facts, we do not construe Double D Liquor's second issue as challenging the applicability of section 3.405's faithless employee defense to this case.  Accordingly, we will proceed to consider Double D Liquor's argument that the evidence conclusively establishes it exercised ordinary care in receiving the checks from Walls.

The trial court made several findings relevant to Double D Liquor's challenge to the trial court's implied finding that Double D Liquor did not exercise ordinary care in receiving the checks from Walls:

11

3. Donald Dunn and wife Jackey Dunn d/b/a/ Double D Liquor cashed checks which were payable to Mengtai, but which were endorsed by W.R. Walls. The cash proceeds for each check were then delivered by Donald Dunn and wife Jackey Dunn d/b/a/ Double D Liquor to W.R. Walls. (However, on at least one instance when Donald Dunn and wife Jackey Dunn d/b/a/ Double D Liquor cashed a check payable to Mengtai and endorsed by W.R. Walls, W.R. Walls was not even present. W.R. Walls's spouse delivered the check to Donald Dunn and wife Jackey Dunn d/b/a/ Double D Liquor and was paid the proceeds thereof).

4. W.R. Walls provided no proof to Donald Dunn and wife Jackey Dunn d/b/a/ Double D Liquor that W.R. Walls ha[d] the authority to endorse check(s) payable to Mengtai.

5. Donald Dunn and wife Jackey Dunn d/b/a/ Double D Liquor took no action to determine if W.R. Walls had the authority to endorse checks which were payable only to Mengtai as the Payee.

Double D Liquor does not challenge these findings, and thus they are binding on us. *See Inimitable Grp., L.P. v. Westwood Grp. Dev. II, Ltd.*, 264 S.W.3d 892, 902 & n.4 (Tex. App.—Fort Worth 2008, no pet.).

Under the UCC, in the case of a person engaged in business, "ordinary care" means "observance of reasonable commercial standards, prevailing in the area in which the person is located, with respect to the business in which the person is engaged." Tex. Bus. Com. Code Ann. § 3.103(a)(9). Here, the trial court found that Walls never gave any proof to Double D Liquor verifying he was authorized to cash checks made payable to Mengtai and that Double D Liquor took no action to determine whether he was so authorized. From these facts, the trial court could

12

reasonably have concluded that Double D Liquor failed to exercise ordinary care in cashing the checks. Accordingly, we overrule Double D Liquor's second issue.

### III.  CONTRIBUTORY NEGLIGENCE

In its third issue, Double D Liquor argues that the evidence shows that Mengtai's own negligence caused its losses and that consequently, it is precluded from recovery. Specifically, Double D Liquor argues that Mengtai failed to adequately examine its records, causing it not to discover that Walls was cashing its checks over a period of several months. Double D Liquor attempts to rely upon business and commerce code section 4.406(d)(2) to argue that Mengtai's alleged failure to adequately examine its records was negligence that precludes it from recovery.

Section 4.406(d)(2) generally provides that a customer of a bank who fails to exercise reasonable promptness in examining his bank statements for unauthorized payments from his account is precluded from asserting against the bank

> the customer's unauthorized signature or alteration by the same wrongdoer on any other item paid in good faith by the bank if the payment was made before the bank received notice from the customer of the unauthorized signature or alteration and after the customer had been afforded a reasonable period of time, not exceeding 30 days, in which to examine the item or statement of account and notify the bank.

Tex. Bus. & Com. Code Ann. § 4.406(d)(2). As Double D Liquor admits, by its express terms, this statute does not apply to this case because it is not a bank. *See id.* § 4.105(1). Nevertheless, on the simple, conclusory statement that this statute "can be used as a guiding principle for Mengtai's negligence," Double D Liquor invites us to

13

apply its requirements to Mengtai's alleged failures anyway. But Double D Liquor points us to nothing that would authorize us to do so, nor has it offered any cogent reason why a statute whose express terms it admits do not apply to Mengtai's conduct should nevertheless be applied to Mengtai's conduct. We decline Double D Liquor's bare invitation to reverse the trial court's judgment by applying the requirements of a statute to a situation outside of the statute's scope. We overrule Double D Liquor's third issue.

## IV. CONCLUSION

Having overruled all of Double D Liquor's issues, we affirm the trial court's judgment. *See* Tex. R. App. P. 43.2(a).

/s/ Lee Gabriel

Lee Gabriel
Justice

Delivered: July 11, 2019